# Richmond

## George E. Pflaster v. Town of Berryville.

### November 12, 1931.

Present, Prentis, C. J., and Campbell, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Charles C. Collins* and *J. Lynn Lucas,* for the plaintiff in error.

*Frank M. Wray,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error was arrested on a warrant wherein he was charged with operating his automobile while under the influence of intoxicants or narcotic drugs. He was tried before the mayor of the town of Berryville and found guilty and his punishment fixed at a fine of $110.00 and confinement in jail for sixty days, which jail sentence was suspended upon payment of the fine and costs.

He appealed from the judgment of the mayor to the circuit court and there he was again found guilty and his punishment fixed by a jury at a fine of $100.00 and confinement in jail for thirty days. He moved to set aside the verdict but judgment was entered thereon by the court. He is here asking a review and reversal of that judgment.

Pflaster, the accused, was driving his automobile on Main street in the town of Berryville and it collided with an automobile driven by Miss Luke. Immediately after the accident he called the town sergeant and when the sergeant

arrived he noticed from the conduct and speech of the accused and the odor from his breath that he was under the influence of "liquor." Whereupon the sergeant arrested him and placed him in jail.

There are five assignments of error. First: That the verdict is contrary to the evidence. Second: That the lower court erred in permitting the reputation of the accused to be shown. Third: That the lower court erred in permitting the mayor to testify as to a certain admission made by the accused some fifteen or twenty minutes after the mayor's trial had been completed. Fourth: That the prohibition ordinance of the town of Berryville is void. Fifth: That the lower court should have discharged the jury after the attorney for the town in his opening statement had told the jury that the accused had been convicted in the mayor's court.

A discussion of the evidence in detail is unnecessary. It abundantly supports the verdict of the jury and clearly convinces the impartial mind that the accused was operating his automobile while under the influence of intoxicants as charged in the warrant. The sergeant's testimony to the effect that the accused was under the influence of intoxicants is corroborated by the testimony of a number of other witnesses. The trial court, in refusing to set aside the verdict on the ground that it was contrary to the evidence committed no error.

In the discussion of the remaining assignments of error we must bear in mind that the evidence in the case is sufficient to convince a reasonable man that the accused was guilty and unless he has pointed out some substantial and prejudicial error that has injuriously affected his rights, the judgment of the trial court must be affirmed. Errors which may have developed in the trial of the case of an unsubstantial nature and which have not injured the accused will be treated as harmless.

■ The second assignment of error is that the reputation of the accused as a violator of the prohibition laws was improperly admitted in the evidence. The record is so meager and imperfect that it is not possible to know whether any proper exception was taken to the ruling of the court on this point or whether the town had adopted that section of the prohibition law which permits the reputation of an accused to be shown. But in any event the guilt of the accused having been established by competent evidence and the jury having properly so found and fixed his punishment at the minimum penalty prescribed for the offense, it necessarily follows that he was not prejudiced by the admission of the evidence of his reputation as a violator of the prohibition laws.

■ Where the guilt of an accused has been established by competent and proper evidence, the law will not permit him to go unpunished simply because objectionable evidence was erroneously admitted by the trial court, and especially is this true where it further appears that the jury were not misled or improperly influenced thereby and they have rendered the only verdict which they could have properly rendered under the evidence. Again the admission of improper evidence will not constitute reversible error when it appears that if such evidence had been excluded the result could not thereby have been changed. *Hall* v. *Com.*, 143 Va. 554, 130 S. E. 416; *Jarrell* v. *Com.*, 132 Va. 551, 110 S. E. 430.

■ It is assigned as error that the court permitted the mayor who tried the case to testify as to certain admissions made by the accused in the presence of the mayor about ten or fifteen minutes after the mayor's trial had been completed. The mayor's statement of this is as follows:

"I heard part of evidence night of 14th and finished night of 15th. Trial took place in my office. After trial all over and decision rendered and he had complied with judgment, he volunteered the statement to me, after asking all

others to vacate the room, that he wanted to have a private talk with us, Levi and I. He said everything's all settled is it and the case all over. I said far as I am concerned it is. He said you boys had me right. I was in hopes of showing a shadow of a doubt in your mind."

William Levi, the town sergeant and the officer who arrested the accused, corroborated the mayor in the above statement. It is contended that the court erred in allowing this evidence to go to the jury because it violated section 4781 of the Code. That section is as follows:

"In a criminal prosecution, other than for perjury, or in an action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination, unless such statement was made when examined as a witness in his own behalf. No justice of the peace, police justice, civil and police justice, juvenile and domestic relations court judge or other trial justice shall be competent to testify against the accused in a court of record as to statements made by the accused *on his trial* by such justice or on his preliminary examination before such justice."

It is apparent that section 4781 has no application whatever. The testimony of the mayor did not embrace any "statements made by the accused *on his trial*" but embraced a statement made by the accused after judgment had been pronounced against him by the mayor and after he had "settled" his fine and costs.

It is next assigned as error that the town ordinance, under which the warrant was issued and upon which the prosecution was based, is void, because of certain irregularities in the proceedings of the town council whereby the State prohibition law was adopted.

Counsel for the accused in his brief makes this significant admission in discussing this assignment: "This point was raised by appellant for the *first time* in his petition to this honorable court for a writ of error." Under Rule 22 of this

court this assignment will not be considered because the point was not raised in the trial court.

■ Finally, in the fifth and last assignment of error the accused claims that the trial court should have discharged the jury because the attorney for the town in his opening statement told the jury that the accused had been convicted before the mayor. When counsel for the accused objected the court promptly instructed the jury to disregard that statement and told them that "this was a trial *de novo* in which they were to determine from the law and the evidence the guilt or innocence of the defendant and that they were not to take into consideration what judgment had been rendered by the mayor's court."

The jury, from their verdict fixing the punishment at the minimum penalty, evidently followed the instruction of the court and disregarded the remarks of counsel for the town. The verdict shows clearly that the jury did not yield to any preconceived opinions about the case. It also shows that they were not actuated by any prejudice. This subject is fully discussed in the case of *Spencer* v. *Commonwealth*, 143 Va. 531, 129 S. E. 351.

■ Upon the whole case, after a very careful consideration of the evidence and proceedings, we are of opinion, notwithstanding the error committed by the court in admitting the evidence of the reputation of the accused and the other irregularities which crept into the trial, that it plainly appears that the accused has had a. fair trial; that he has not shown, as is required of him, that he has been injuriously affected or prejudiced by the errors he claims were committed by the court during his trial, and that substantial justice has been done.

The judgment of the trial court is affirmed.

*Affirmed.*

HUDGINS, J., concurring:

I agree with the conclusions expressed in the majority

opinion, but I find myself unable to agree with the line of reasoning which the court adopts in disposing of assignment of error No. 2.

The prisoner was charged with driving an automobile while intoxicated. The great weight of the evidence shows that he was guilty. There was evidence, however, which, if believed by the jury, would have justified a verdict of acquittal. There was then a conflict in the evidence. While the record is vague and meagre, it shows the following:

"Question. Does George Pflaster have the general reputation of a drinking man?

"Objection by counsel for the defendant on the ground that said question was incompetent.

"However, the court over-ruled the objection of counsel for the defendant and permitted the witness to answer the question to which ruling of the court the defendant by counsel excepted.

"Answer. He has a reputation of a drinking man. He takes a drink when he gets ready; he gets drunk."

It seems to me that the admission of the above evidence was plainly improper and would have constituted reversible error in any criminal case where the accused had not put his reputation in issue and where there was substantial conflict in evidence. The accused, however, in this case did not consistently insist on this exception in the trial court, because on the direct examination of the very next witness introduced by him he brought out the very same evidence, and later introduced as a witness in his behalf his brother-in-law, Dr. A. R. Osborne, who, on direct examination, said that the accused "was an addict to alcohol." Under such circumstances the accused cannot consistently urge that the verdict be set aside on this assignment of error because he has introduced the same evidence by witnesses for whose veracity he vouched.

Hence I concur in the conclusion that there is no merit in the second assignment of error.