CAROL LINDA WEST

v.

COMMONWEALTH OF VIRGINIA

No. 0203-91-3

Decided April 14, 1992

COUNSEL

Hal St. Clair (John S. Hart, Jr.; St. Clair & Associates, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—The appellant, Carol Linda West, challenges the sufficiency of her July 15, 1986 conviction under a Covington ordinance of driving while under the influence of alcohol as a predicate offense for her adjudication as an habitual offender pursuant to Code § 46.2-355. She does not contest the validity of the ordinance or of her conviction. She asserts, however, that the ordinance under which she was convicted did not parallel and substantially conform to Code § 18.2-266. We disagree and affirm the judgment of the trial court.

Code § 46.2-351 provides:

An habitual offender shall be any . . . person whose record shows that he has accumulated. . . .

1. Three or more convictions . . . of . . .

    b. Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2-266. . . .

3. The offenses included in subdivisions 1 and 2 of this section shall be deemed to include offenses under any valid county, city, or town ordinance paralleling and substantially conforming to the state statutory provisions cited. . . .

On October 2, 1982, the town of Covington adopted an ordinance that incorporated Article 2, Chapter 7, of Title 18.2 of the Code of Virginia, including Code § 18.2-266, which then provided:

It shall be unlawful for any person to drive or operate any motor vehicle, engine or train while under the influence of alcohol, or while under the influence of any narcotic drug or other self-administered intoxicant or drug of whatever nature.

This ordinance, which did not provide for the incorporation of future amendments, was the ordinance in place and under which the appellant was convicted on July 15, 1986, for an offense committed June 29, 1986.

In 1984, Code § 18.2-266 was amended to include a new "per se" offense and to read as follows:

It shall be unlawful for any person to drive or operate a motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.15[1] percent or more by weight by volume as indicated by a chemical test administered in accordance with the provisions of § 18.2-268, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or other self-administered intoxicant or drug of whatsoever nature.

The Commonwealth's argument that the appellant seeks, in this appeal, to launch a collateral attack on her Covington conviction is without merit. The appellant challenges neither the validity of the Covington ordinance nor the procedural or substantive sufficiency of her conviction. She contends only that the defined offense of which she was convicted does not satisfy the conformity requirement of Code § 46.2-351(3). Thus, she presents a direct attack on the judgment on appeal.

■ The appellant argues that because the Covington ordinance did not provide for the incorporation of prospective amendments to Code § 18.2-266, and because Code § 18.2-266 was amended,

---

[1] Later changed to 0.10 percent.

adding a *per se* offense of operating a vehicle with a blood alcohol level of 0.15 percent or more, the ordinance did not meet the requirement that it parallel and substantially conform to Code § 18.2-266. We disagree. When the Commonwealth produced abstracts of the appellant's convictions, certified by the Commissioner of the Department of Motor Vehicles, a prima facie presumption was created that the convictions were obtained under laws substantially conforming to Code § 18.2-266. *See Bouldin v. Commonwealth*, 4 Va. App. 166, 355 S.E.2d 352 (1987). The burden to rebut the evidence thus shifted to the appellant. "This shift in the burden of producing evidence occurs because of the presumption that the Commissioner of the Division of Motor Vehicles has kept accurate records and has made at least a tentative determination of conformity." *Id.* at 169, 355 S.E.2d at 354 (citation omitted).

■ The Covington ordinance paralleled and substantially conformed to the provisions of Code § 18.2-266. The only difference was that the statute added a *per se* offense of operating a motor vehicle with a blood alcohol level of 0.15 percent or more. In *Cox v. Commonwealth*, 13 Va. App. 328, 411 S.E.2d 444 (1991), we stated that when an habitual offender determination is based on a conviction from another state, not every aspect of the foreign state's law must conform to Virginia law. We said, "Only that prohibition of the other state's law under which the person was convicted must substantially conform." *Id.* at 331, 411 S.E.2d at 446.

■ Applying the *Cox* rationale, we find that the Covington ordinance under which the appellant was convicted paralleled and substantially conformed to Code § 18.2-266(ii) and (iii). The fact that Code § 18.2-266(i) authorized punishment for a *per se* offense, while the Covington ordinance does not, is of no consequence. The provision under which the appellant was convicted was substantially the same as its counterpart in Code § 18.2-266.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.