**Alexandria**

TIMOTHY WAYNE SOS

v.

COMMONWEALTH OF VIRGINIA

No. 0515-91-4

Decided July 14, 1992

COUNSEL

Corinne J. Magee, for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, on brief), for appellee.

OPINION

DUFF, J.—Timothy Wayne Sos challenges a final judgment of the trial court in which he was declared an habitual offender as defined in Code § 46.2-351. The proceedings were not recorded, but a written statement of facts pursuant to Rule 5A:8 was duly prepared and filed.

The statement of facts shows that Sos argued at trial that one of the three predicate offenses, a conviction for driving on a revoked license in Fairfax County on October 4, 1991, was based upon an invalid county ordinance. Sos argued that the ordinance was not "uniform with the general law" of the Commonwealth, as required by Code § 15.1-522. He also argued that the record with respect to another predicate conviction, a conviction in the District Court of Loudoun County of "Driving While Intoxicated" on February 6, 1989, was ambiguous as to which law he violated and, thus, should not be considered as a basis upon which to find him an habitual offender.[1] We disagree with appellant's position on both convictions and, accordingly, affirm.

With respect to the October 4, 1991 conviction, Sos contends that at the time of his offense, there was a variance between the penalty provisions of Fairfax County Code 82-46.2-301 and Virginia Code § 18.2-266. The County Code provided that a first-offense-violation for driving under a revoked license was a Class 2 misdemeanor and a second-offense-violation was a Class 1 misdemeanor. The Class 2 misdemeanor carried a punishment of not more than six months in jail and a fine of not more than $1,000, or both. The Class 1 misdemeanor carried a punishment of not

---

[1] The third predicate conviction of "Driving While Intoxicated" on October 3, 1989, the conviction of which was obtained in the District Court of Fairfax County, does not appear from the statement of facts to have been argued to the trial court. Accordingly, on familiar principles, it will not be considered on appeal. *Westbrook v. Westbrook*, 5 Va. App. 446, 451, 364 S.E.2d 523, 526 (1988).

more than twelve months in jail and a fine of not more than $1,000, or both. The penalty for Class 2 misdemeanors is identical under both the county ordinance and state Code. The variance exists between the Fairfax County Code and Virginia Code penalty for a Class 1 misdemeanor. Under the Virginia Code, the penalty for a Class 1 misdemeanor is up to twelve months in jail and a fine of up to $2,500, rather than $1,000, as provided for in the county ordinance. The county provision for a lesser fine is the only part of the ordinance that is not uniform with state law.

Sos contends that this lack of uniformity violates the provisions of Code § 15.1-522 requiring that ordinances regulating the operation of motor vehicles be uniform with the general laws of the Commonwealth. Sos further argues that the invalid portion of the ordinance cannot be severed from the remainder of the ordinance for the purpose of rendering the remaining portion of the ordinance uniform. He contends that the variance in the possible fines provided for in the two laws renders the entire ordinance, as it relates to driving on a suspended license, invalid. Appellant cites *Commonwealth v. Holtz*, 12 Va. App. 1151, 408 S.E.2d 561 (1991), as authority for his argument. We disagree with appellant's argument and find his reliance on *Holtz* to be misplaced.

■ Section 1-1-11 of the Fairfax County Code provides for severability of any part of the Code that is found to be unconstitutional or invalid, from the remaining portion of the Code.[2] This provision creates a presumption that the ordinance is severable and that the valid portions may stand even though a portion thereof is invalid. *King v. County of Arlington*, 195 Va. 1084, 1092-93 81 S.E.2d 587, 592 (1954). *See, e.g., Hannabass v. Maryland Casualty Co.*, 169 Va. 559, 568-71, 194 S.E. 808, 813 (1938); *Canter v. Carter Coal Co.*, 298 U.S. 238, 312 (1936).

---

[2] SECTION 1-1-11. CODE SEVERABILITY.

It is declared to be the intention of the Board of Supervisors that the Sections, Subsections, paragraphs, sentences, clauses, phrases and words of this Code are severable. If any Section, Subsection, paragraph, sentence, clause, phrase or word is declared unconstitutional or otherwise invalid by the lawful judgment or decree of any court of competent jurisdiction, its unconstitutionality or invalidity shall not affect the validity of any of the remaining Sections, Subsections, paragraphs, sentences, clauses, phrases and words of this Code, since the same would have been enacted by the Board of Supervisors without and irrespective of any unconstitutional or otherwise invalid Section, Subsection, paragraph, sentence, clause, phrase or word being incorporated into this Code.

Severability has been upheld if the remaining valid portions of the act are sufficient to accomplish their purpose in accordance with the legislative intent. As stated in *Strawberry Hill Land Corp. v. Starbuck,* 124 Va. 71, 97 S.E. 362 (1918):

> The rule is that an act may be valid in one part and invalid in another, and if the invalid is severable from the remainder, that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent; and that only if the void portion is the inducement to the passage of the act, or is so interwoven in its texture as to prevent the statute from becoming operative in accordance with the will of the legislature, is the whole statute invalid.

*Id.* at 77, 97 S.E. at 364 (citations omitted).

The primary purpose of Fairfax County Code § 82-46.2-301, relative to the case before us, was to provide for increased punishment for repeat offenders. The first violation for driving under a revoked license was designated a Class 2 misdemeanor, with a penalty of six months in jail and a $1000 fine, or both. A second violation was designated a Class 1 misdemeanor, with jail time increased to twelve months. The maximim fine remained at $1,000. The issue presented to us is whether the non-uniform part of the ordinance, the $1,000 fine, may be severed. Phrased differently, we must decide whether the provision for the fine was "the inducement for the passage" of the ordinance, so that the legislative intent would be thwarted if it was severed. We hold that legislative intent would not be thwarted. The legislative purpose was to impose an increased sanction for the second offense. That purpose is served by the increased provision for jail time from six to twelve months. We hold that under these circumstances, the severability provision of Section 1-1-11 of the Fairfax County Code is applicable and the ordinance is not invalid in its entirety.

We also hold that Sos may not challenge that portion of the ordinance that does not affect him. He was convicted as a first offender, for which the county and state laws are identical. In *Willis v. Commonwealth,* 10 Va. App. 430, 393 S.E.2d 405 (1990), the defendant challenged that aspect of Code § 18.2-154, which allegedly allowed the court or jury unfettered discretion to determine what constituted first degree murder. The court's hold-

ing in *Willis* is relevant to the present issue before us:

> Accordingly, we hold that the aspect of Code § 18.2-154 which Willis challenges as unconstitutional that would allegedly allow the judge or jury unfettered discretion to determine what constitutes first degree murder is severable from those provisions of the statute which define the offense of murder, which is deemed second degree. Since Willis was not convicted of first degree murder, he was unaffected by the alleged vagueness of the statute.

*Id.* at 443, 393 S.E.2d at 412.

In *Cox v. Commonwealth*, 13 Va. App. 328, 411 S.E.2d 444 (1991), we addressed the issue whether the requirements of an out of state city ordinance substantially conformed to Virginia's statutory requirements. We held that "[o]nly that prohibition of the other state's law under which the person was convicted must substantially conform." *Id.* at 331, 411 S.E.2d at 446.

In the recent decision of *West v. Commonwealth*, 14 Va. App. 350, 416 S.E.2d 50 (1992), the issue was whether the fact that Code § 18.2-266(ii) and (iii) authorized punishment for a *per se* offense, while a parallel city ordinance did not, so violated the "parallel and substantially conforming" requirements of Code § 46.2-351 as to invalidate an habitual offender conviction. Citing *Cox*, we held: "The fact that Code § 18.2-266(i) authorized punishment for a *per se* offense, while the Covington ordinance does not, is of no consequence. The provision under which the appellant was convicted was substantially the same as its counterpart in Code § 18.2-266." *West*, 14 Va. App. at 353, 416 S.E.2d at 51-52.

We do not agree with Sos that our decision in *Commonwealth v. Holtz*, 12 Va. App. 1151, 408 S.E.2d 561 (1991), compels a holding that the discrepancy between the fine provision for Class 1 misdemeanor in the county and state laws requires that we invalidate the entire county ordinance. In *Holtz*, we addressed whether severance of the invalid penalty portion was viable and concluded that it was not. We stated: "However, if the punishment section for second or subsequent offenses is severed from Fairfax County Code § 82-4-21, the statute still violates Virginia Code § 15.1-132, by providing for a lesser punishment than Code § 18.2-270."

*Id*, at 1152, 408 S.E.2d at 563. In the case before us, a severance of the lesser fine provision from the county ordinance leaves the punishment provision for first offenders identical in the county and state laws.

Sos further contends that the county ordinance, as enacted, does not conform to the requirement of uniformity mandated by Code § 15.1-522. Again, we disagree. Absolute uniformity exists between the Code provisions relating to first offenders, such as Sos. As we have already noted, the invalid fine provision of the county ordinance for second offenders may properly be severed.

Turning to appellant's challenge of his February 6, 1989 conviction by the Loudoun County District Court of driving while intoxicated, he contends that the trial court erred in not certifying his conviction to the Loudoun County District Court. Sos claims the court erred in not having the district court "clarify the charge" as to whether he had been convicted under Code § 18.2-266 or under a county ordinance, which he argued was invalid.

Code § 46.2-354 permits a circuit court to certify the issue of whether a defendant had been convicted of a predicate offense to the district court whenever the court cannot "on the evidence available to it, make a determination . . . ." Nothing in the statute requires the court to relinquish the issue to the district court. The issue before us is whether the evidence before the circuit court was so lacking in sufficiency that the trial court's failure to certify constituted an abuse of discretion.

From the statement of facts and the record, it appears that the trial court had before it a copy of the arrest warrant and the summons. The trial judge made a determination that the warrant indicated a valid charge of violating "Section 18.2-266, Code of Virginia." The warrant supports that finding by the court. Accordingly, we find no abuse of discretion in the court's refusal to certify the issue to the Loudoun County District Court.

For these reasons, the judgment appealed from is

*Affirmed.*

Barrow, J., and Bray, J., concurred.