## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

James J. Flanders

March 4, 1993

Case No. (Law) 119674

BY JUDGE STANLEY P. KLEIN

This habitual offender proceeding was tried by the Court on February 11, 1993. In his brief in support of his motion to dismiss the Rule to Show Cause, the Defendant attacked two of the alleged predicate offenses. The Commonwealth conceded that the Defendant's 1983 DWI conviction from Maryland could not constitute a predicate offense in this case. However, the Commonwealth asserted that the Defendant's 1987 conviction for driving on a suspended license under the Fairfax County Code was a valid conviction and three predicate offenses existed without consideration of the Maryland DWI conviction. The Court took the matter under advisement and invited counsel to supply any additional authorities which counsel wished the Court to consider. The Court has reviewed the memoranda of counsel and the authorities cited therein. For the reasons hereinafter set forth, the Rule to Show Cause is dismissed.

Defendant does not dispute the fact that on February 2, 1987, he was convicted of Driving on a Suspended License in the Fairfax County General District Court. That conviction arose out of a violation of § 82-3-24 of the then existing Fairfax County Code which read in pertinent part as follows:

> Section 82-3-24. *Driving while operator's license suspended or revoked.*
>
> (a) No person, resident or nonresident, whose operator's or chauffeur's license or instruction permit has been suspended or revoked . . . . shall thereafter drive any motor vehicle *in this*

*County* unless and until the period of such suspension or revocation shall have terminated.

(b) Any person violating this Section shall for the first offense be confined in jail *not less than ten (10) days nor more than six (6) months*, and may in addition be fined not less than One Hundred Dollars ($100.00) nor more than Two Hundred Dollars ($200.00). (3-13-68; 1961 Code, § 16-60.) [emphasis supplied].

The Defendant argues that this ordinance was not authorized by the applicable statutory enabling legislation passed by the Virginia General Assembly because the ordinance was not "uniform" with the corresponding state statute section 46.1-350.

Section 46.1-350 of the Code of Virginia then read as follows:

Section 46.1-350. *Driving while license, permit or privilege to drive suspended or revoked.*

(a) Except as otherwise provided in §§ 46.1-352.1 and 46.1-387.8, no person, resident or nonresident, whose driver's license or instruction permit or privilege to drive a motor vehicle has been suspended or revoked . . . . shall thereafter drive any motor vehicle or any self-propelled machinery or equipment *on any highway in this Commonwealth* unless and until the period of such suspension or revocation shall have terminated.

(b) Any person violating this section shall for the first offense be confined in jail not less than 10 days nor more than 6 months; and may in addition be fined not less than $100 nor more than $200; and for the second or any subsequent offense be confined in jail not less than 2 months nor more than 1 year; and may in addition be fined not less than $200 nor more than $1,000. *Except in a case where the violation of this section arose out of a revocation of the Defendant's license for nonpayment of a fine or fines pursuant to § 46.1-423.3, the Court shall not suspend the entire jail sentence in any case, but may in its discretion suspend a portion thereof. . . . In addition, the Court shall suspend such person's license, permit or privilege to drive for the same period for which it had been previously suspended or revoked when such person violated this section . . . .* [Emphasis supplied.]

Defendant argues that the county ordinance is not uniform with the state statute and is therefore invalid under § 15.1-522 of the Code for the following reasons: (1) that the possible jail sentence for a first offense of

driving on a suspended license is not the same; (2) that § 46.1-350 prohibits driving on a *highway* after one's license has been suspended while § 82-3-24 prohibits driving "in the county;" (3) that the statute mandated a license suspension while the ordinance did not; and (4) that a violation of the statute constituted a misdemeanor under § 46.1-387 of the Code while a violation of the ordinance was merely an infraction under § 982-1-35 of the County Code.

At trial the Commonwealth cited *Sos v. Commonwealth*, 14 Va. App. 862 (1992), in support of its position. This Court finds the opinion in *Sos* totally contrary to the Commonwealth's position in this matter. The penalty provision for a first offender under the relevant county ordinance in *Sos* was identical to the corresponding state statute but the fine range for a second offender was less than for a second offender under the state statute. As Sos was charged as a first offender, the Court of Appeals held that the separate penalty provisions of Section 82-46.2-301 of the Fairfax County Code were severable and therefore the ordinance was not invalid in its entirety. In so ruling the Court of Appeals specifically addressed Sos's argument that the county ordinance violated the "uniformity" requirement of Section 15.1-522 of the state code. While ruling against the Defendant, the Court specifically noted that the county ordinance for second offenders was *invalid* as the fine range was not uniform with the state code.

Flanders' 1987 county code conviction was for driving on a suspended license first offense. As set out above, the state code for first offenders then required a jail sentence, which could not be suspended in its entirety, while the county code provision contained no such requirement. As the penalty provision under the first offender section of the ordinance was not uniform with the corresponding state code provision, the first offender section of the ordinance was invalid. Accordingly, this conviction cannot serve as a predicate offense in this proceeding. As the Commonwealth has only proven two predicate offenses against this Defendant, the Rule to Show Cause in this matter must be dismissed.

As a result of the decision above, the Court need not consider the other arguments advanced by counsel on behalf of the Defendant.