COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Koontz and Willis
Argued at Salem, Virginia


SANDY LEON BROWN

v.          Record No. 0263-94-3          MEMORANDUM OPINION* BY
                                          JUDGE JERE M. H. WILLIS, JR.
CITY OF DANVILLE                                MAY 9, 1995


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                   Kenneth M. Covington, Judge Designate

              Mark T. Williams (Williams, Stilwell,
              Morrison, Williams and Light, on brief), for
              appellant.

              Robert L. Adams, Jr., Assistant Commonwealth's
              Attorney (William H. Fuller, III, Commonwealth's
              Attorney, on brief), for appellee.


     The Danville City Ordinance, under which Sandy Leon Brown

was prosecuted and convicted, was valid as to the charge against

him.  However, because Brown was seized in violation of the

Fourth Amendment, we reverse the judgment of the trial court and

dismiss the charge against him.

                                  I.

     Brown was charged with a violation of Danville City

Ordinance § 21-49.3 which prohibited operating a motor vehicle

while under the influence of alcohol.  He contends that the

ordinance was invalid because it failed to incorporate the

enhanced penalty provisions contained in the July 1, 1993

amendment to Code § 18.2-270 and thus did not satisfy the

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

requirements of Code § 15.1-132.  The July 1, 1993 amendment to Code § 18.2-270 set forth an enhanced penalty in circumstances not involved in Brown's case.  The ordinance in effect at the time of his arrest conformed with general law insofar as the circumstances of his case were concerned.  He cannot assert invalidity of an aspect of the ordinance that has no application to his case.  See Sos v. Commonwealth, 14 Va. App. 862, 865, 419 S.E.2d 426, 428 (1992).

## II.

> When the police stop a motor vehicle and detain an occupant, this constitutes a "seizure" of the person for Fourth Amendment purposes, even though the function of the stop is limited and the detention is brief. . . . [A] person may be detained briefly for questioning by an officer who has "'a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'"
>
> The totality of the circumstances must be considered in determining whether the facts authorize the police to stop a person.  The detaining officer "'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.'"

Zimmerman v. Commonwealth, 234 Va. 609, 611-12, 363 S.E.2d 708, 709 (1988) (citations omitted).  See also Castaneda v. Commonwealth, 7 Va. App. 574, 376 S.E.2d 82 (1989) (en banc).

The arresting officer testified that a city employee had reported that Brown had given him "a problem about where he wanted to park his vehicle."  The officer testified that he stopped Brown "to see what was wrong."  He articulated no

suspicion of any particular criminal conduct.  He described no circumstances supporting a reasonable suspicion of criminal conduct.  Thus, in stopping Brown's vehicle and detaining Brown, the officer effected a seizure that violated the Fourth Amendment.

The judgment of the trial court is reversed and the charge against Brown is ordered dismissed.

<u>Reversed and dismissed</u>.