COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Koontz and Willis
Argued at Salem, Virginia

DICKIE DARNELL DICKENS

v.          Record No. 0382-94-3     MEMORANDUM OPINION[*] BY
                                     JUDGE JERE M. H. WILLIS, JR.
CITY OF DANVILLE                          MAY 9, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                Kenneth M. Covington, Judge Designate

            Glenn L. Berger (Shreve & Berger, on brief),
            for appellant.

            Robert L. Adams, Jr., Assistant Commonwealth's
            Attorney (William H. Fuller, III, Commonwealth's
            Attorney, on brief), for appellee.


     Dickie Darnell Dickens was charged and convicted of driving

while under the influence of alcohol, pursuant to Danville City

Ordinance § 21-49.3.  Citing Code § 15.1-132, he contends that

the ordinance was void at the time of his arrest because it

imposed a lesser punishment than that prescribed by general law,

Code § 18.2-270.  We disagree and affirm the judgment of the

trial court.

     Dickens was arrested and charged on August 10, 1993.  On

that date, Danville City Ordinance § 21-49.3 incorporated by

reference the penalty provided by Code § 18.2-270 effective July

1, 1992.  Effective July 1, 1993, Code § 18.2-270 was amended to

provide an enhanced penalty for an offense committed while the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accused was "transporting a person seventeen years of age or younger." The Danville ordinance was not changed to reflect this amendment until November 16, 1993. Thus, at the time of Dickens's arrest, the Danville ordinance did not provide for the July 1, 1993 enhanced penalty.

Dickens was charged and convicted of the simple offense of driving while under the influence of alcohol. Nothing in the record suggests that at the time of the offense he was transporting a person seventeen years of age or younger. Thus, the enhanced penalty provided by the July 1, 1993 statutory amendment did not apply to him.

An accused may challenge only the part of an ordinance that applies to his case. See Sos v. Commonwealth, 14 Va. App. 862, 865, 419 S.E.2d 426, 428 (1992). The Danville ordinance, insofar as it applied to Dickens's case, conformed to corresponding general law.

The judgment of the trial court is affirmed.
Affirmed.