# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

    v.

Charles Edward Hyatt

Case No. CR95-2466

Commonwealth of Virginia

    v.

Joan Maguire

Case No. CR95-2463

November 29, 1995

By Judge A. Bonwill Shockley

The two defendants in these related cases each stand charged with a violation of Code of Virginia § 18.2-419 for picketing in a residential area on or about May 10, 1995. The offenses charged constitute Class 3 misdemeanors. The defendants have moved to dismiss the charges on the grounds that the statute involved violates rights to free speech protected by the First Amendment and is therefore unconstitutional. The Commonwealth argues that the statute is not unconstitutional or, in the alternative, that it can be made constitutional by severing one invalid part. For the reasons stated below, this court finds that Code of Virginia § 18.2-419 is unconstitutional and that this court may not render it constitutional by severing from it an invalid part. Accordingly, defendants' motions to dismiss must be sustained.

The relevant portions of § 18.2-419 provide:

> § 18.2-419. *Picketing or disrupting tranquility of home.* — Any person who shall engage in picketing before or about the resi-

dence or dwelling place of any individual, or who shall assemble with another person or persons in a manner which disrupts or threatens to disrupt any individual's right to tranquility in his home, shall be guilty of a Class 3 misdemeanor. Each day on which a violation of this section occurs shall constitute a separate offense.

Nothing herein shall be deemed to prohibit (1) the picketing in any lawful manner, during a labor dispute, of the place of employment involved in such labor dispute; (2) the picketing in any lawful manner of a construction site; or (3) the holding of a meeting or assembly on any premises commonly used for the discussion of subjects of general public interest.

In 1980, the United States Supreme Court declared an Illinois statute with virtually identical provisions to be unconstitutional. *Carey v. Brown*, 447 U.S. 455 (1980). While recognizing that protecting the peace and tranquility of citizens in their own homes may be a legitimate and important state interest, the Court nonetheless held that that interest may not be advanced by favoring one form of speech over another. "[H]ere, under the guise of preserving residential privacy, Illinois has flatly prohibited all non-labor picketing even though it permits labor picketing that is equally likely to intrude on the tranquility of the home." *Carey* at 462. "Selective exclusions from a public forum may not be based on content alone and may not be justified by reference to content alone." *Carey* at 463, quoting *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964):

The State's interest in protecting the well-being, tranquility, and privacy of the home is certainly of the highest order in a free and civilized society. "The crucial question, however, is whether the (Illinois) statute advances that objective in a manner consistent with the command of the Equal Protection Clause." (Citations omitted.) And because the statute discriminates among pickets based on the subject matter of their expression, the answer must be "No." *Carey* at 471.

There is no substantive difference between the Illinois statute declared unconstitutional in *Carey* and Code of Virginia § 18.2-419. The Virginia statute is unconstitutional for the same reasons.

The Commonwealth urges this court to sever from § 18.2-419 the second paragraph, or more accurately, portions thereof, thereby leaving a blanket prohibition on residential picketing, which the Commonwealth

maintains would be constitutional. The Court in *Carey* specifically did not address the question of whether a blanket prohibition on all residential picketing would be permissible. *See Carey* at footnote 2. Later, in *Frisby v. Schultz*, the Court held that such a blanket prohibition is not unconstitutional on its face, if it is narrowly construed to constitute only a ban on picketing taking place solely in front of a particular residence. *Frisby v. Schultz*, 487 U.S. 474, 483 and 488. The defendants and the Commonwealth each expend considerable effort addressing the question of whether the Virginia statute, with the second paragraph severed, can or should be so narrowly construed as to render it constitutional. This court will not reach that question, however, since it finds that the second paragraph may not be severed.

The court is aware of an opinion issued by the Attorney General of Virginia in 1989 addressing the constitutionality of § 18.2-419. The Attorney General found "that no substantive distinction exists between the portion of the Illinois statute declared unconstitutional in *Cary* (sic) and the labor dispute exception" in § 18.2-419. 1989 Va. A.G. 157. The Attorney General then went on to conclude that the unconstitutional provision of the statute, that is, the labor dispute exception in the second paragraph, may be severed and the remainder of the statute enforced. This court, however, is not bound by the Attorney General's advisory opinion.

> The rule is that an act may be valid in one part and invalid in another, and if the invalid is severable from the remainder, that invalid part may be ignored if, after such elimination, the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent; and that only if the void portion is the inducement to the passage of the act, or is so interwoven in its texture as to prevent the statute from becoming operative in accordance with the will of the legislature, is the whole statute invalid. *Sos v. Commonwealth*, 14 Va. App. 862, 864 (1992), citations omitted.

The Court notes at the outset that it has difficulty with characterizing the second paragraph of § 18.2-419 as "invalid." That paragraph, standing on its own, contains no constitutional infirmity. It is only when it is considered as part of the statute as a whole that it renders the entire statute unconstitutional. Put another way, it is precisely *because* the second paragraph makes a content-based exception to the general rule stated in the first paragraph that the entire statute must fall. This is quite different from

the more usual situation, where one part of a statute invalidly proscribes certain conduct, but the remainder of the statute contains valid prohibitions of other, distinct conduct. In that latter situation, the severed portion is invalid *not* because of its effect on the remainder of the statute but because of some constitutional infirmity inherent in it. *See e.g., Commonwealth v. Carter*, 21 Va. App. 150 (1995) (Portion of child endangerment statute, § 40.1-103, is unconstitutionally vague but remainder is enforceable.).

In this case, if the court were to sever the labor exception and/or the construction site exception (since it seems that the *Carey* analysis applies equally to the latter), what would remain would be a blanket prohibition on picketing in residential areas. Even assuming that such a blanket prohibition is constitutional, it is clearly not what the legislature intended when it enacted this statute. The intent of the legislature is clear: it wanted labor picketing to be allowed in residential areas, and it wanted picketing in front of a construction site to be allowed in residential areas. By removing those exceptions, this court would negate the expressed will of the legislature. As a corollary to that, as defendants correctly point out, this court would be creating crimes that do not otherwise exist: the crimes of picketing residences that are also places of employment or construction sites. That is not a proper judicial function. The decision whether to ban picketing in such areas is "more appropriately made by a legislative body and not a court." *See Hueblein, Inc. v. Alcoholic Beverage Control Dept.*, 237 Va. 192, 201 (1989).

The Commonwealth urges the court to conclude based on the legislative declaration of policy found in Code of Virginia § 18.2-418 that the Legislature would have enacted this statute even without the exceptions stated in the second paragraph. It is true that § 18.2-418 contains a clear expression of the high value that the Legislature places on the right to peace and tranquility within one's own home. But equally clear is the expression in § 18.2-419 of the high value the Legislature places on the right to engage in picketing related to labor disputes and construction projects. It is not possible for this court to know which of the two values the Legislature holds in higher esteem. Only the Legislature may make the determination of whether the right to peace and tranquility in the home is so important that it justifies banning labor and construction picketing in residential areas, or whether labor and construction picketing is so valuable it justifies permitting picketing in all residential areas.

For the foregoing reasons, this court finds that Code of Virginia § 18.2-419 is unconstitutional under the holding in *Carey* in that it impermissibly contains a content-based prohibition of certain speech activities in a public forum. Further, the court finds that it is not possible to sever the "invalid" portion of § 18.2-419 because doing so would render the remainder contrary to the expressed will of the Legislature. Defendants' motions to dismiss are sustained.