## Richmond

EUGENE HARLOW DICKERSON v. TOWN OF CHRISTIANSBURG.

November 30, 1959.

Record No. 5019.

Present, All the Justices.

The opinion states the case.

*Kenneth I. Devore* and *J. C. Snidow, Jr.*, for the plaintiff in error.

No appearance or brief filed for the defendant in error.

MILLER, J., delivered the opinion of the court.

Eugene Harlow Dickerson was convicted by a jury on a charge of operating an automobile while under the influence of intoxicants, second offense, in violation of an ordinance of the town of Christiansburg. The jury imposed a fine of one hundred dollars and confinement for one month in jail, with a recommendation that the "jail sentence be suspended." When the court sentenced accused, it ordered that he pay the hundred dollars fine and be confined in jail for a term of thirty days, but in lieu of serving thirty days it ordered that he serve ten days in jail and the "remainder of the said sentence is hereby suspended." Section 18-77, 1958 Supplement, Code 1950.

In his assignments of error Dickerson maintains that the court erred when it allowed officers Teel and Altizer to state their opinions as to his intoxication; refused to grant instruction A; and refused to set aside the verdict as contrary to the law and the evidence.

On August 23, 1958, Dickerson left his home in Christiansburg, Virginia, about 2:30 p.m. to go to a service station a mile away to have a wheel repaired. He found no one there to repair the wheel and drove to the A. B. C. store, bought a bottle of whiskey and proceeded towards Riner, Virginia, to visit a friend. On his way he stopped and took a drink from his bottle. He then visited his friend, and after staying about an hour, he started back to the service station, but stopped on the way to take another drink. When he arrived at the station, he and Edward Lancaster changed a wheel on his automobile, and at approximately 4:55 p.m. he started home.

Edward Lancaster testified that he had been acquainted with accused for two to three years, knew that he stuttered and had suffered a broken back in 1954 which caused him to limp, that as far as he knew Dickerson took nothing to drink at the service station and appeared normal. Accused left to go home about ten minutes to 5 o'clock.

Grover A. Teel, chief of police, testified that on August 23, 1958, around 5 o'clock he and officer T. E. Altizer were patrolling on Franklin street in Christiansburg when he observed an automobile that had stopped for traffic at the intersection of Second and Franklin streets. He noticed Dickerson sitting in the car and he appeared to be under the influence of intoxicants. He and the other officer

followed the car south on Franklin street where it turned left into Ellett drive. There were two cars between accused and the police car, and they were unable to stop him. Dickerson proceeded down Ellet drive, a paved though bumpy street, weaving back and forth across the road. He was seen to cut to the left of the road, slap on his brakes, and then cut back to the right. When he turned right on a dirt road, the officers pulled up beside him, blew the horn, and he stopped. Altizer went to Dickerson's car and asked him to get out. He was staggering, unsteady on his feet, could not talk, but stuttered. Teel drove accused's car to the sheriff's office, and Altizer took Dickerson there. The witness further testified that he found in the the car a bottle of whisky from which approximately two drinks had been taken. He tried to talk with Dickerson in the sheriff's office, but accused was unable to talk; he did not appear nervous but did appear to be under the influence of intoxicants. The officer testified that on April 15, 1955, accused had been convicted of driving under the influence of intoxicants.

Teel was asked, over objection of counsel for accused, the following question: "From your observation of the defendant on August 23, 1958, at the time of his arrest as to his manner of speech, disposition, muscular movement, general appearance or behavior, in your opinion, was he, or was he not, under the influence of intoxicants?" The witness answered that in his "opinion the defendant was under the influence of intoxicants."

The testimony of officer Altizer was substantially the same as that of officer Teel. He added that accused had driven very slowly on Franklin street and Ellett drive, and when arrested did not appear nervous or afraid, but he did have trouble removing his operator's license and registration card from his pocketbook. Accused was unable to get into the police car when arrested or out of it when they reached the sheriff's office without Altizer's assistance. The officer further testified that he had known Dickerson twelve or fifteen years, knew he stuttered and had suffered a broken back which rendered his walking difficult, but it did not cause him to stagger. He also stated that at the time of the arrest, accused could not talk at all.

Over the objection of counsel. Altizer was asked substantially the same question as was put to Teel about his opinion of accused's intoxication and gave the same response.

Paul Clowers, the friend accused visited at Riner, testified that when accused appeared at his home, he seemed normal, that during

the hour he was there Dickerson helped witness and his brother take a fender skirt from an automobile in order to change a tire. Accused did not drink any intoxicants while at his home.

Kaula V. Epperly testified she had knew accused three or four years. On August 23, 1958, about 5 o'clock while she was sitting near a window in her house eating supper, she saw accused and the officers near the edge of her lot approximately forty to fifty feet away. She said at that distance she could not tell that he had been drinking anything; he appeared normal. According to her testimony, accused got out of his automobile and into the police car without any assistance from either officer.

The ordinance of the town of Christiansburg under which Dickerson was prosecuted was not formally introduced in evidence. However, the record discloses that when the attorney for the town indicated that he would offer in evidence the town ordinance which declared it to be unlawful "to operate an automobile over the streets of Christiansburg while under the influence of intoxicants," counsel for accused waived introduction of the ordinance. We therefore assume that the ordinance was duly enacted pursuant to and under the authority of § 15-553, Code 1950.

There was no denial by Dickerson that he had been previously convicted of operating a motor vehicle while under the influence of intoxicants; neither did he deny that he was driving his automobile on the public streets of Christiansburg at the time and place stated by the arresting officers. Thus the sole question to be determined by the jury was whether or not he was at that time under the influence of intoxicants.

In § 4-2(14), Code 1950, the General Assembly has defined intoxication and indicated evidential circumstances by which intoxication may be determined. That section follows:

"Any person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated." *Gardner* v. *Commonwealth*, 195 Va. 945, 81 S. E. 2d 614.

It is asserted by accused that the challenged questions propounded to officers Teel and Altizer, and their answers, invaded the province of the jury because these two witnesses, in answering the questions, expressed their opinions and conclusions as to the guilt or innocence of accused. It is argued that whether or not he was intoxicated was

the dominant issue and conclusion to be determined by the jury from the facts and circumstances in evidence.

The two officers related the facts and circumstances relied upon to establish intoxication. They testified in some detail as to Dickerson's manner, disposition, speech, muscular movements, general appearance and behavior at and immediately subsequent to his arrest. The jury was as well qualified as were the officers to draw all reasonable and proper inferences and conclusions from the evidence. The questions which called for an expression of opinion from the witnesses as to accused's intoxication or lack of intoxication were unwarranted. *Newton* v. *City of Richmond*, 198 Va. 869, 96 S. E. 2d 775; *Ramsey* v. *Commonwealth*, 200 Va. 245, 105 S. E. 2d 155; *Denis* v. *Commonwealth*, 144 Va. 559, 131 S. E. 131; *The Law of Evidence, Virginia and West Virginia*, § 120, p. 207.

Objection to the question was well taken and the testimony elicited thereby was prejudicial to accused.

■ Instruction A offered by accused and refused by the trial court follows:

"The Court instructs the jury that although you may believe under the evidence that the accused operated his automobile in a reckless manner, that evidence alone is not sufficient to convict him of operating a motor vehicle while under the influence of intoxicants; but in order to warrant his conviction of the charge contained in the warrant, you must believe from the evidence, beyond all reasonable doubt, that at the time he operated his motor vehicle in the town of Christiansburg, he was under the influence of intoxicants as defined in instruction No. 2."

The arresting officers testified that accused "was driving his car back and forth across the street and weaving"; that he would cut his car "to the left of the road, slap on his brakes and then cut back to the right sharply." In Dickerson's brief it is conceded that this manner of operating an automobile may constitute reckless driving but it is asserted that reckless driving does not establish intoxication, and that the jury should have been so instructed.

It may be readily conceded that reckless driving does not of itself established intoxication, yet instruction A is objectionable because it undertakes to single out the offense of reckless driving, and then argues that though reckless driving be established, it does not prove intoxication. It was rightly refused because it unduly em-

phasized one phase of the evidence and also because it was argumentive. Burks *Pleading and Practice*, 4th ed., § 288, at p. 526.

■ We find no merit in the assignment that the verdict is contrary to the law and evidence. Under this assignment it is argued that the evidence does not support a finding of intoxication. However, when fairly appraised, the evidence is sufficient to present an issue to be determined by the jury.

It should be observed that the jury returned a verdict of one hundred dollars fine and confinement in jail for one month, which is the minimum penalty prescribed by § 18-76, 1958 Supplement, Code 1950, for a second offense or that can be prescribed by ordinance for a second offense of operating an automobile under the influence of intoxicants. Yet in the final order accused was sentenced to *thirty days* instead of one month as stated in the verdict and presumably prescribed by the town ordinance under which he was prosecuted. Upon a retrial care should be exercised to have the judgment accord with the verdict in all necessary particulars.

Testimony prejudicial to the accused having been admitted over his timely objection, it is necessary to vacate the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed and remanded.*