## CIRCUIT COURT OF THE CITY OF BRISTOL

Barbara Ann Mason

v.

Donna Jean Sullivan

April 16, 1984

By JUDGE CHARLES B. FLANNAGAN, II

By agreement of counsel, this matter is before the court for pretrial rulings on the admissibility of certain portions of testimony of an emergency room doctor who treated the plaintiff immediately following an automobile accident. The doctor's testimony has been taken by deposition and reviewed by the court.

The primary objection noted in the deposition is the statement of the doctor that, in his opinion, the plaintiff was "inebriated."

Plaintiff was taken to the emergency room for treatment for a wrist fracture, nasal fracture and lacerations over the right cheek and nose.

The doctor saw plaintiff over a period of about 30 minutes but she was never off of the stretcher. Depos. p. 10. There is no testimony by the doctor that he detected any odor of alcohol or performed any scientific tests to determine blood/alcohol content, etc. The basis of the doctor's opinion was "her combativeness. . . her general behavior." Depos. p. 9.

The doctor acknowledged on cross-examination that it was not uncommon for people who have been involved in traumatic automobile accidents to be "hysterical." Depos. p. 9.

Defendant contends that the doctor's testimony is admissible because of his status as a "medical expert," he being required to make such determinations so he can pursue a proper course of treatment. In this regard the court must note that the doctor, after an initial evaluation of injuries, did not pursue a

course of treatment other than to refer the plaintiff to orthopedic and otolaryngology specialists.

The Supreme Court of Virginia has previously disallowed the expression of opinion as to intoxication in the absence of scientific testing. In *Dickerson v. Town of Christiansburg*, 201 Va. 342 (1959), the court refused to allow police officers to express their opinions after describing in some detail the appearance and behavior of the defendant. *Id*. p. 346. In accord is the case of *Oliphant v. Snyder*, 206 Va. 932 (1966), where the Supreme Court found the trial court acted properly in refusing to allow a police officer to express his opinion as to defendant's intoxication. The court reasoned that "the jury was as well qualified as the police officer to draw all reasonable inferences and conclusions from the evidence as to intoxication or lack of intoxication." *Id*. p. 936. This result was reached even though the court acknowledged that it was "contrary to the rule in nearly all other jurisdictions." *Ibid*.

In situations where the conclusion is based upon the appearance and behavior of an individual, as opposed to scientific or medical tests or dependent upon medical training, an experienced police officer is probably much more of an "expert" on the issue than a medical doctor and the same logic excluding the opinion evidence in the above two cases would apply in this case.

The court further notes that even with the existence of scientific test results, limitations are placed on the opinions of an expert. In the case of *Newton v. City of Richmond*, 198 Va. 896 (1957), the Supreme Court stated it was improper for the State Toxicologist, "an expert in blood analysis", to testify that a person with a .23 blood/alcohol test "was under the influence of intoxicants *to a degree where he was not fit to operate an automobile.*" *Id*. p. 873, 875. The court found that to allow such testimony "goes beyond giving expert testimony as to degrees of intoxication and invades the province of the jury." *Id*. p. 875. The *Newton* case is certainly distinguishable from the case at bar but it serves to demonstrate that the court upholds the principle that the fact a witness may be a medical expert does not entitle him to express opinions on matters of which the jury will be just as

well qualified after receiving instructions as to the applicable law.

In this case, it is clear that the doctor's conclusion was not based on any scientific or special knowledge, but rather, was a conclusion based on observations common to ordinary lay persons. The court is of the opinion that this was not a proper matter for the rendering of an expert opinion.

Obviously, the same logic applies to the doctor's conclusion that the plaintiff was combative and uncooperative although the prejudicial effect of those statements, unlike the conclusion of inebriation, is rather minimal. Nevertheless, the matters being presented to the court for pretrial ruling, the court must sustain the objection. The conclusions are in the form of a "nonexpert opinion."

> The test of admissibility of a conclusion of fact of a nonexpert witness is this: Is it clear that the jurors would or could have been as fully and as exactly furnished with the data which formed the basis for the conclusion of the witness as the latter was? If so, the conclusion is inadmissible in evidence; if not, it is admissible. *Davis v. Commonwealth* 144 Va. 559, 574 (1926).

The court is of the opinion that, in this case, the doctor can easily give the jury the data which formed the basis of his opinions and the jury can decide if the plaintiff was combative or uncooperative.