COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia

COMMONWEALTH OF VIRGINIA

v.   Record No. 0992-94-2                    OPINION BY
                                    CHIEF JUDGE NORMAN K. MOON
ALBERT R. HOWELL                         AUGUST 29, 1995

          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
               Herbert C. Gill, Jr., Judge

          John H. McLees, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellant.

          No brief or argument for appellee.


     The Commonwealth appeals a final order of the circuit court

dismissing an habitual offender show cause order against Albert

R. Howell.  The trial court ruled that "Howell's 1986 DUI

conviction under the Chesterfield County ordinance 14.1-1 is []

invalid insofar as it conflicts with Code § 15.1-132 by providing

a lesser punishment than that prescribed by general law."  We

hold that when the County adopted its DUI ordinance, it

incorporated, by reference, the penalty provisions for a Class 1

misdemeanor in Code § 18.2-11 and, therefore, the ordinance did

not conflict with Code § 15.1-132.  Thus, because Howell's 1986

DUI conviction was valid, we reverse.

     Under Code § 46.1-188, localities were given the authority

to "incorporate appropriate provisions of Article 2 (§ 18.2-266

et seq.) of Chapter 7 of Title 18.2 into such ordinance by

reference."  Code § 18.2-266 makes it unlawful for any person to operate a motor vehicle while intoxicated.  Code § 15.1-132 provides that localities, when adopting DUI ordinances, may prescribe fines or other punishments for violations of such ordinances that are "the same penalties for violations thereof as are provided by general law for similar offenses," but not lesser punishments for such similar offenses.

At the time of Howell's DUI conviction, Code § 18.2-270 provided that a DUI conviction was a Class 1 misdemeanor, but defined no punishment for such a violation.  The penalty for a class 1 misdemeanor was set forth in Code § 18.2-11 (not contained in Article 2 (§ 18.2-266 et seq.)).  The Chesterfield County ordinance, § 14.1-1, under which Howell was convicted for his first DUI did not further define the penalty for the offense but specifically adopted all of Article 2 (§ 18.2 et seq.) of Chapter 7 of Title 18.2 of the Code of Virginia.

The trial judge found that because Code § 18.2-11 was not incorporated by reference into the Chesterfield County Code, Chesterfield County Code § 1-6, the ordinance defining the penalty for misdemeanors where no specific penalty was otherwise given, applied to Howell's conviction.  Thus, because the penalty contained in § 1-6 was less than that provided in Code § 18.2-11, the trial judge found that § 14.1-1 was invalid insofar as it conflicted with Code § 15.1-132 by providing a lesser punishment.

We hold that the trial judge erred by ruling that since Chesterfield County Code § 14.1-1 did not prescribe a penalty,

- 2 -

the penalty prescribed by Chesterfield County Code § 1-6 controlled the case by default.[1]  By adopting all of Article 2 (§ 18.2 et seq.) of Chapter 7 of Title 18.2, Chesterfield County incorporated, by reference, the definition of the term "class one misdemeanor" found in Code § 18.2-11.  Article 2 includes Code § 18.2-270, which is the penalty provision for violations of Code § 18.2-266 (DUI).  At the time Howell was convicted for the questioned offense, Code § 18.2-270 provided that a first time violation of Code § 18.2-266 was a Class 1 misdemeanor, which was defined in Code § 18.2-11.

The intended meaning of a term used in a statute is to be "ascertained from the act itself when read in light of other statutes relating to the same subject matter."  Campbell v. Commonwealth, 13 Va. App. 33, 38, 409 S.E.2d 21, 24 (1991), rev'd on other grounds, 14 Va. App. 988, 421 S.E.2d 652 (1992) (en banc), aff'd, 246 Va. 174, 431 S.E.2d 648 (1993) (quoting Robert Bunts Eng'g & Equip. Co. v. Palmer, 169 Va. 206, 209-10, 192 S.E. 789, 790-91 (1937)) (emphasis added).  The two cases cited by the Commonwealth, Stevenson v. City of Falls Church, 243 Va. 434, 416 S.E.2d 435 (1992), and Dickerson v. Town of Christiansburg, 201 Va. 342, 111 S.E.2d 292 (1959), clearly demonstrate that the term "Class 1 misdemeanor" did not lose its meaning when that section was incorporated by reference into the County Code.  Moreover, this Court has recognized that the penalty for a Class 1

---

[1]  Code § 1-6 provided the penalty for violations if no other penalty was provided.

misdemeanor defined in Code § 18.2-11 was inherent in the provisions of Code § 18.2-270, when we held that a Fairfax County ordinance was invalid because it violated Code § 15.1-132 "by providing for a lesser punishment than Code § 18.2-270." Commonwealth v. Holtz, 12 Va. App. 1151, 1152, 408 S.E.2d 561, 563 (1991) (emphasis added). If the penalty were not inherent in the terms of Code § 18.2-270, we would have referred to the punishment provided in Code § 18.2-11 instead.

In adopting all of Article 2 (§ 18.2-266 et seq.), Chesterfield County should not be punished for failing to specifically mention what was then inherently recognized by reference to other sections, which prescribed the penalty for the offense in question. Chesterfield County was given the authority to adopt the same penalties as those prescribed in Article 2. See Code § 15.1-132. By incorporating all of Article 2 by reference, Chesterfield County Code § 14.1-1 should be construed as providing for the same penalties as those set forth in Code § 18.2-11 via Code § 18.2-270.

Reversed.