COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


WILMERT JACK PRUETT
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 0771-98-3               JUDGE SAM W. COLEMAN III
                                             MARCH 30, 1999
TOWN OF TAZEWELL


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                        Donald R. Mullins, Judge

            Robert M. Galumbeck (Dudley, Galumbeck &
            Necessary, on brief), for appellant.

            George R. Brittain, II (Robert B. Altizer;
            Gillespie, Hart, Altizer & Whitesell, P.C., on
            brief), for appellee.


     Wilmert Jack Pruett was convicted in a bench trial for

operating a motor vehicle while under the influence of intoxicants

in violation of § 16-2 of the Code of the Town of Tazewell

(Tazewell Code).  Pruett contends that Tazewell's DUI ordinance is

invalid because it violated provisions in the town's charter by

(1) exceeding the charter's $500 limit imposed on municipal fines,

see Tazewell Code § 2-246, and (2) violating the charter's

requirement that an ordinance be confined to a single subject, see

Tazewell Code § 3-8.  Because the General Assembly expressly

authorized all municipal corporations, including Tazewell, to

adopt ordinances proscribing the operation of a motor vehicle

while under the influence of intoxicants, Code § 46.2-1313, and

expressly provided that the penalty for such offense shall conform

─────────────

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

to the penalty in the state statute, we find Tazewell's ordinance to have been validly enacted by virtue of the specific legislation rather than its general authority granted under its charter. We also find that the enactment of § 16-2 of the Tazewell Code did not violate the town's charter requirement that an ordinance be confined to a single subject. Accordingly, we affirm the trial court's ruling that the town ordinance is not invalid on either ground.

I.  IMPACT OF TAZEWELL CODE § 2-246 ON TAZEWELL CODE § 16-2

Pursuant to Virginia Code § 46.2-1313[1] the Town of Tazewell passed an ordinance, Code § 16-2, which incorporated Virginia Code §§ 18.2-266 through 18.2-273, proscribing operation of a motor vehicle while intoxicated. By so doing, the Town Council made operating a motor vehicle while intoxicated within the town's boundaries a violation of the Tazewell Code. Among the Virginia Code sections that Tazewell adopted is Virginia Code § 18.2-270

---

[1]Code § 46.2-1313 provides:

> Ordinances enacted by local authorities pursuant to this article may incorporate appropriate provisions of this title, of Article 9 (§ 16.1-278 et seq.) of Chapter 11 of Title 16.1, and of Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 into such ordinances by reference. Nothing contained in this title shall require the readoption of ordinances heretofore validly adopted. Local authorities may adopt ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law; provided that such local ordinances do not become effective before the effective date of the state law. The provisions of this section are declaratory of existing law.

-

which fixes the maximum penalty for driving while intoxicated at $2,500. Pruett contends that Tazewell Code § 16-2, which incorporates the $2,500 penalty provisions of Virginia Code § 18.2-270, violates Tazewell Code § 2-246, a provision of the town charter which limits the power of the town "[t]o prescribe penalties for the violation of any town ordinance, rule or regulation, not exceeding five hundred dollars or twelve months' imprisonment in jail, or both." Tazewell Code § 2-246. We disagree.

Significantly, in Code § 46.2-1313 the Virginia General Assembly expressly granted localities the power to adopt by incorporation Code § 18.2-266 et seq., the state statutes prohibiting driving a motor vehicle while intoxicated.[2] The town incorporated the driving while intoxicated statutes pursuant to the Commonwealth's specific grant of authority in Virginia Code § 46.2-1313. See Tazewell Code § 16-2. Virginia Code § 46.2-1313 provides that local government "may incorporate appropriate provisions . . . of Chapter 7 of Title 18.2 into such ordinances by reference." See Commonwealth v. Howell, 20 Va. App. 732, 734, 460 S.E.2d 614, 615 (1995) ("Under Code § 46.1-188 [replaced by Code § 46.2-1313], localities were given the authority to 'incorporate appropriate provisions of Article 2 (§ 18.2-266 et

_____

[2]Code § 15.1-132 offers an alternative statutory grant of power to adopt Code § 18.2-266 et seq. Although Title 15.2 repealed Title 15.1, Code § 15.2-101 specifically states that the repeal of Title 15.1 will not affect the powers of any locality regarding any ordinance adopted prior to December 1, 1997. Code § 15.1-132 authorized Tazewell to enact Tazewell Code § 16-2 in 1994, and pursuant to the express language of Code § 15.2-101, Code § 16-2 remains in effect.

seq.) of Chapter 7 of Title 18.2 into such ordinance by reference.'"); Commonwealth v. Rivera, 18 Va. App. 103, 107, 442 S.E.2d 410, 412 (1994) (stating that § 15.1-132 (repealed) and § 46.1-188 (replaced by § 46.2-1313) "expressly allow local authorities to enact local ordinances prohibiting driving a motor vehicle while under the influence of alcohol and the incorporation by reference of appropriate provisions of state law into such local ordinances").

Pruett's argument that the $500 limitation applies to Tazewell's DUI ordinance fails to appreciate that Tazewell Code § 2-246, viewed in context is part of a separate enumeration of power to enact ordinances independent of the specific grant of power under which Tazewell was acting. "[A] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine 'the true intention of each part.'" Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (citations omitted). The $500 limitation described in § 2-246 applies specifically to penalties prescribed pursuant to § 2-246 which is part of the town's "Power to regulate the health, safety and welfare of the town." Tazewell Code § 2-4. The town's "Power to regulate the health, safety and welfare" as articulated in Tazewell Code § 2-4 exists independent of, and in addition to, powers granted in other sections of its charter or specifically granted to municipal corporations by the state. Because the town did not rely upon Tazewell Code § 2-246 for authority to enact Tazewell Code § 16-2,

the $500 limitation of Tazewell Code § 2-246 has no bearing on the town's authority to enact Tazewell Code § 16-2. Moreover, Code § 2-1 of Tazewell's charter expressly provides that in addition to the town's general grant of powers in its charter, there is

> conferred on and vested in the Town . . . <u>all other powers which are now or may hereafter be conferred upon or delegated to towns under the Constitution and the laws of the Commonwealth</u> . . . and no enumeration of powers in this Charter shall be held to be exclusive but shall be in addition to this general grant of power.

(Emphasis added).

Because Virginia Code § 46.2-1313 grants authority for localities to incorporate the Virginia Code provisions criminalizing and fixing penalties for driving while intoxicated, the town's incorporation of Virginia Code § 18.2-266 <u>et</u> <u>seq.</u> is not governed by the $500 limitation on prescribing penalties under Tazewell Code § 2-246. Accordingly, Tazewell Code § 16-2 does not violate the prohibition of prescribing penalties in excess of $500 as provided in Tazewell Code § 2-246.

## II. SINGLE SUBJECT REQUIREMENT OF TAZEWELL CODE § 3-8

The town's charter requires that the town council confine all ordinances to a single subject. <u>See</u> Tazewell Code § 3-8. Pruett contends that Tazewell Code § 16-2 violates this prohibition because it incorporates and adopts statutory provisions from Titles 16.1, 18.2, and 46.2, three different titles of the Virginia Code which address several subject matters.

For the reasons set forth in Part I, Tazewell, in enacting Code § 16-2, was acting under authority expressly granted by the

-

Commonwealth in Code § 46.2-1313 and was not acting under its general grant of authority in its charter to enact ordinances. Code § 46.2-1313 expressly empowers towns, including Tazewell, to enact an ordinance incorporating the appropriate provisions of the Motor Vehicle Code and the DUI provisions of Code § 18.2-266 et seq. and Article 9 (Code § 16.1-278 et seq.) of the Juvenile Code to enable Tazewell to deal with juvenile offenders. The state statute expressly authorized the Town of Tazewell to adopt these provisions as its ordinance regulating misdemeanor motor vehicle violations and infractions.

Moreover, Code § 16-2 does not violate the single subject prohibition of Tazewell's charter. "'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" Zamani v. Commonwealth, 26 Va. App. 59, 63, 492 S.E.2d 854, 856 (1997) (quoting Crews v. Commonwealth, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987)). The language of Tazewell Code § 3-8 is:

> Except in dealing with questions of parliamentary procedure the council shall act only by ordinance or resolution, and all ordinances except ordinances making appropriations, or authorizing the contracting of indebtedness or issuance of bonds or other evidence of debt, shall be confined to one subject. Ordinances making appropriations or other obligations and appropriating the money to be raised thereby shall be confined to those subjects respectively.

To determine the intent of the legislature in enacting this provision in Tazewell's charter, we look by analogy, to the similar provision in the Virginia Constitution: "No law shall embrace more than one object, which shall be expressed in its

-

title."  Va. Const. art. IV, § 12.  Commenting on this similar language in the Virginia Constitution, the Virginia Supreme Court observed that:

> "[H]istorically, [these provisions] were designed to prevent several abuses in the legislative process:  (1) log-rolling, whereby two or more blocs (which might separately be minorities in the legislative body) combine forces on a bill containing several unrelated features, no one of which by itself could command a majority; [and] (2) lack of notice to legislators who, but for the one object requirement, might be unaware of the real contents of the bill . . . ."

See State Bd. of Health v. Chippenham Hosp., 219 Va. 65, 74, 245 S.E.2d 430, 435-36 (1978) (quoting The Constitution of Virginia: Report of the Commission on Constitutional Revision, 148 (1969)). We find that Article IV, Section 12 of the Virginia Constitution and Tazewell Code § 3-8 share the same legislative purpose. Therefore, we look to prior constructions of the constitutional provision to shed light on Tazewell's charter provision.

In construing Article IV, Section 12 of the Constitution of Virginia, our Supreme Court said:

> "When the title is general, as it may be, all persons interested are put upon inquiry as to anything in the body of the act which is germane to the subject expressed; but when the title is restrictive, and confined to a special feature of a particular subject, the natural inference is that other features of the same general subject are excluded."

Chippenham Hosp., 219 Va. at 70-71; 245 S.E.2d at 433 (quoting Fidelity Ins. v. Shenandoah Valley R.R. Co., 86 Va. 1, 6, 9 S.E. 759, 761 (1889)).  Further, the Court observed that "'[i]f the title be not misleading and if those things are done which are

-

germane to it, that is enough.'"  Id. at 71, 245 S.E.2d at 434
(quoting Commonwealth v. Dodson, 176 Va. 281, 305-06, 11 S.E.2d
120, 131-32 (1940)).

Here, nothing in the body of the ordinance was outside the
scope of the ordinance's title:  "Ordinance Adopting Certain
Provisions of the Code of Virginia."  Thus, the title fairly
noticed all councilpersons as to the contents of the ordinance.
Additionally, the three code sections incorporated by reference
in Tazewell Code § 16-2 share a common function.  Article 2,
Chapter 7, Title 18.2, proscribes and sets the penalties for
driving while intoxicated; Title 46.2 sets forth general
provisions regarding regulation of motor vehicles including
suspension and revocation of licenses; and Article 9, Chapter 11,
Title 16.1, concerns dispositions of the juvenile and domestic
relations district courts which, among other things, instructs
the courts in penalizing juveniles for driving infractions.

Tazewell Code § 16-2, which deals exclusively with motor
vehicle offenses, confined itself to a logical subject matter
reflected in both the body of the ordinance and the title by
which the town passed the ordinance.  Its drafting does not
portend abuse of the legislative process.  Accordingly, we find
that it complies with the requirements of Tazewell Code § 3-8,
the provisions limiting ordinances to a single subject.

-

## CONCLUSION

The Council of the Town of Tazewell did not violate its charter in enacting § 16-2.  Accordingly, Pruett's conviction for violating Tazewell Code § 16-2 is affirmed.

<u>Affirmed</u>.
