Lon O. OWSLEY, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 9995.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1965.

Decided Nov. 2, 1965.

Eddie Cantor, Richmond, Va. (Court-assigned counsel) [Cantor & Cantor, Richmond, Va., on the brief] for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Robert Y. Button, Atty. Gen., of Virginia, on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and MARTIN, District Judge.

J. SPENCER BELL, Circuit Judge.

Petitioner was convicted of armed robbery by the Circuit Court of Rockingham County, Virginia, on January 10, 1957, and was sentenced to life imprisonment. At that trial petitioner, presenting evidence of his incompetency, asked to be committed to the state psychiatric hospi-

tal for observation or in the alternative that the County pay for private psychiatric examination. Both motions were denied. Through state habeas corpus proceedings the petitioner's claims have been denied by the highest court of the State of Virginia. Petitioner filed this action in the District Court for the Eastern District of Virginia. A plenary hearing was granted but subsequently that order was vacated.

■ It is conceded by the state that the petitioner is entitled to a plenary hearing.[1] The only point raised by the state before the lower court is that the hearing should be held in state rather than federal court.

■ Though the state admits that the exact same issues as are presented now were once considered by the Virginia state courts it contends that this court's decision in Thomas v. Cunningham, 313 F.2d 934 (4 Cir. 1963), changed existing law and that therefore the question ought to be heard again by the Virginia courts. The state argues that because of the change in law the petitioner still has an unexhausted state remedy. With this contention we cannot agree. There was no change in the law of Virginia as enunciated by the Thomas case. This court in Thomas said, "It is a principle of long standing that an insane man may not be tried for a crime. Virginia has assiduously observed this just rule * * *." 313 F.2d at 938.

■■ Even if this court could make a change in the law of the state this fact would not necessarily deny relief to the defendant. The case relied upon by the state, Stonebreaker v. Smyth, 163 F.2d 498 (4 Cir. 1947), involved a situation where the law had been changed by Supreme Court decisions which are necessarily binding upon the states. The Thomas case was decided by this Court of Appeals. Though state courts may for policy reasons follow the decisions of the Court of Appeals whose circuit includes their state, see Commonwealth v. Negri, 213 A.2d 670 (Pa. 9/29/65), they are not obliged to do so.[2]

For the reasons stated, the judgment of the district court must be reversed and the case remanded for a hearing.

Remanded.

---

1. It was pointed out by the Assistant Attorney General who argued this matter before the Honorable John D. Butzner, Jr., Judge of the United States District Court for the Eastern District of Virginia, Richmond Division, that if such a petition was filed in the Circuit Court of Rockingham County that the Attorney General would file a motion asking that the petitioner be granted a plenary hearing. In addition, it was pointed out that should the petitioner file in the Supreme Court of Appeals of Virginia in accordance with its original jurisdiction or in an appropriate court as specified under Virginia law that a motion would be filed asking that the writ be issued returnable to the Circuit Court of Rockingham County for a plenary hearing.

2. We do not read Cabaniss v. Cunningham, Va., 143 S.E.2d 911 (decided September 10, 1965), cited to us during the argument, as going beyond the Negri case.