## Alexandria

CHARLES D. FRASER

v.

COMMONWEALTH OF VIRGINIA

No. 0212-92-4

Decided July 27, 1993

COUNSEL

Mark J. Yeager, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Charles D. Fraser was convicted of driving while intoxicated in violation of Code § 18.2-266 and was punished therefor as provided by Code § 18.2-270 (penalty statute) for a second offense committed within less than five years. Fraser contends that the trial court could not punish him as a second offender because his first DWI conviction was void because it was under Fairfax County Code § 82-4-17, which was held to be invalid in *Commonwealth v. Knott*, 11 Va. App. 44, 47, 396 S.E.2d 148, 150 (1990), and *Commonwealth v. Holtz*, 12 Va. App. 1151, 1152, 408 S.E.2d 561, 562 (1991). We hold that Fraser's challenge of his DWI conviction for a first offense under the Fairfax ordinance constitutes an impermissible collateral attack in a prosecution for a second DWI offense under Code §§ 18.2-266 and 18.2-270. Accordingly, we affirm Fraser's conviction of DWI, second offense, under Code §§ 18.2-266 and 18.2-270.

On December 29, 1987, Fraser was convicted of DWI as a first offense under Fairfax County Code §§ 82-4-17 (offense provision) and 82-4-21 (penalty provision). Subsequent to Fraser's conviction, we held that the penalty provision for second offenders under Fairfax County Code § 82-4-21 was invalid and that a conviction for a second offense under Fairfax County Code § 82-4-17 could not be used as a predicate to an habitual offender adjudication. *Id.*

On August 4, 1990, Fraser was arrested and charged with driving while intoxicated in violation of Virginia Code § 18.2-266. At trial, the Commonwealth moved to amend the warrant to charge Fraser with DWI as a second offense within five years so that the enhanced penalty provision under Code § 18.2-270 could be applied. Fraser objected to the amendment, arguing that his 1987 conviction for violating the Fairfax County Code could not be used as a predicate for a second offense under Code § 18.2-270 because the ordinance on which the first conviction was based had been declared invalid in *Knott* and *Holtz*.

The trial judge ruled that, although he believed Fraser's first DWI conviction to be invalid, Fraser was precluded from collaterally attacking its validity because the defect in Fairfax County Code § 82-4-21 rendered the conviction voidable and not void. Accordingly, the trial court found Fraser guilty of DWI as a second offender under Code §§ 18.2-266 and 18.2-270.

"A '[c]ollateral attack is allowed only where the judgment is void, a void judgment being a judgment rendered without jurisdiction.' " *Holtz*, 12 Va. App. at 1154, 408 S.E.2d at 563 (Coleman, J., dissenting) (quoting *State v. Kamalski*, 429 A.2d 1315, 1320 (Del. Super. Ct. 1981)). *See also Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981). A court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance. *See* Annotation, *Validity and Effect of Judgment Based upon Erroneous View as to Constitutionality or Validity of a Statute or Ordinance Going to the Merits*, 167 A.L.R. 517, 519-20 (1947).

In *Knott* and *Holtz*, we held that the penalty provision for a second DWI offense in Fairfax County Code § 82-4-21 was invalid because it did not provide a punishment that was equal to or greater than the punishment provided by the general law in Virginia, as is required under Code § 15.1-132. *Holtz*, 12 Va. App. at 1152, 408 S.E.2d at 562; *Knott*, 11 Va. App. at 47, 396 S.E.2d at 150. Accordingly, neither Knott's nor Holtz's DWI convictions as second offenders under the Fairfax ordinance could be used as a predicate offense to an habitual offender adjudication. *Id.*

Fraser misconstrues our holding in the *Knott* and *Holtz* cases as invalidating Fairfax County Code §§ 82-4-17 and 82-4-21 entirely and for all purposes. To the contrary, we held that Fairfax County Code § 82-4-21, the penalty provision, was invalid only to the extent of its enhanced penalty provision for second offenders. The substantive provision of Fairfax County Code § 82-4-17 and the first offender penalty provision of Fairfax County Code § 82-4-21 remain valid. *See Sos v. Commonwealth*, 14 Va. App. 862, 864-65, 867, 419 S.E.2d 426, 427, 429 (1992). In *Sos*, we held that invalid portions of a statute may be severed and ignored "if the remaining valid portions of the act are sufficient to accomplish their purpose in accordance with the legislative intent." *Id.* at 865, 419 S.E.2d at 427. We also held that a party cannot challenge that portion of a statute that does not affect him. *Id.* at 865, 419 S.E.2d at 428. Therefore, because Fraser was convicted for

DWI under Fairfax County Code § 82-4-17 and punished as a first offender under Fairfax County Code § 82-4-21, he does not come within the purview of the portion of Fairfax County Code § 82-4-21 that was declared invalid in *Knott* and *Holtz*. *See id.* (defendant, who was convicted under valid portion of statute as a first offender, could not challenge the invalid portion of the statute relating to second offenders). Having made no claim that Fairfax County Code §§ 82-4-17 and 82-4-21 are otherwise invalid as applied to him, Fraser's challenge of this conviction under the Fairfax ordinance constitutes an impermissible collateral attack.

*Affirmed.*

Moon, C.J.,* and Willis, J., concurred.

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.