COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia

**PUBLISHED**

MICHAEL JONTHAN GARLAND SAUNDERS

v.        Record No. 1630-12-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE GLEN A. HUFF
FEBRUARY 4, 2014

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

Gregory R. Sheldon (Bain-Sheldon, PLC, on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellee.

Michael J.G. Saunders ("appellant") appeals an order of the Chesterfield Circuit Court

("trial court") convicting him of breaching the terms of his suspended sentence, in violation of

Code § 19.2-306. Following a bench trial, appellant was sentenced to seven years' incarceration

in the Virginia Department of Corrections, with four years suspended. On appeal, appellant

contends that 1) the trial court erred by denying appellant's motion to dismiss show cause order,

vacate judgment and set aside the sentence, thereby depriving him of due process of law and

equal protection of law; 2) the trial court erred by allowing hearsay evidence over appellant's

objections absent a finding of good cause to do so, thereby denying him the right to confront and

cross-examine his accusers in violation of the Sixth Amendment of the United States

Constitution and denying him due process of law in violation of the Fourteenth Amendment of

the United States Constitution; 3) the trial court erred by failing to dismiss the show cause

proceeding on due process grounds based upon appellant's argument that Gagnon v. Scarpelli,

411 U. S. 778 (1973), required a preliminary hearing or probable cause hearing prior to any final

revocation hearing; and 4) the trial court erred by finding the evidence sufficient to prove appellant had violated the terms and conditions of his probation.

For the following reasons, this Court affirms the trial court's convictions.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On September 2, 2008, appellant was convicted on a guilty plea to two counts of consensual sodomy with juveniles under Code § 18.2-361(A) and sentenced to five years' incarceration with five years suspended on each count. On August 4, 2009, appellant was found to have violated the terms of probation, whereupon the trial court revoked the suspended sentences and thereafter re-suspended the sentences and returned appellant to supervised probation. On April 20, 2012, appellant, *pro se*, filed a motion to vacate trial, sentencing, and show cause orders due to lack of subject matter jurisdiction pursuant to Code § 8.01-428 and attacked the constitutionality of his convictions. The trial court subsequently denied appellant's motion on April 23, 2012. Appellant did not appeal that decision. On August 22, 2012, appellant filed the identical motion.[1]

On August 22, 2012, appellant, *pro se*, appeared for a probation revocation hearing accompanied by standby counsel. Appellant's probation officer, Monica Jones ("Jones"), testified that appellant did not comply with the terms of probation. Her testimony and written report were based on assertions made by third persons who were absent from the hearing. Over

_____

[1] At oral argument counsel for appellant conceded that both motions were identical.

appellant's hearsay objections, the trial court received into evidence Jones's testimony and written report, finding both to be reliable.

Jones testified that appellant did not comply with probation instruction six, wherein appellant was required to "follow the probation and parole officer's instructions and . . . be truthful, cooperative, and report as instructed." Additionally, she reported that appellant violated the term of his probation to "not purchase, consume or possess alcohol and/or illegal substances."

Over appellant's hearsay objection, Jones testified that a social worker from Prince George informed her that appellant was in downtown Fredericksburg at 12:30 a.m. on May 12, 2012 and "was extremely intoxicated." Jones spoke with two people who saw appellant, and both advised her that they witnessed appellant out after curfew and intoxicated. Jones testified that she and a co-worker "went to the bar and questioned a few of the employees . . . [but] [t]hey were not familiar with [appellant], nor did they have any videotape of the night in question."

Jones further testified that when she questioned appellant during the investigation, he denied the incident and stated that his roommate, George Lowe ("Lowe"), could verify that appellant was home that evening. Over appellant's objection, Jones testified that Lowe contacted her and stated that appellant was out and drinking during the night in question and such activity was a "common occurrence." According to Jones, Lowe also reported that appellant had made threatening comments about using a gun at the probation office.

Jones also indicated that John Williams ("Williams"), a roommate of appellant, mentioned he had been out drinking with appellant on several occasions. Another roommate, Ted Johnson ("Johnson"), informed Jones that appellant asked him to confirm that appellant was home on the night in question, but Johnson refused. Moreover, on a visit to the appellant's home, Jones found a beer can in appellant's room.

At the conclusion of Jones's testimony, the Commonwealth rested and appellant moved to strike the Commonwealth's evidence on the grounds that the hearsay evidence lacked reliability and no evidence corroborated the hearsay presented in the probation report. The court overruled the motion holding that Jones's hearsay testimony was reliable. Appellant then testified, denying drinking and stating he had passed all required drug and alcohol tests.

The trial court found appellant guilty of violating his probation by drinking, being out past curfew, and making threats. Appellant then argued the court did not have authority to impose any sentence due to the holding of Lawrence v. Texas, 539 U.S. 558 (2003), striking down an anti-sodomy statute like the one under which appellant had been convicted. The court rejected his argument and entered a three-year active period of incarceration.

On March 12, 2013, the United States Court of Appeals for the Fourth Circuit declared Code § 18.2-361(A) to be facially unconstitutional. MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013). A writ of certiorari was denied in MacDonald. 187 L. Ed. 2d 45 (2013). This appeal followed.

## II. ANALYSIS

On appeal, appellant collaterally attacks his underlying conviction based on Lawrence and the recent ruling in MacDonald. Additionally, appellant argues that the trial court erred in allowing hearsay evidence in violation of appellant's Sixth Amendment right of confrontation, failing to dismiss the show cause proceeding on due process grounds under Gagnon v. Scarpelli, 411 U.S. 778 (1973), and finding the evidence sufficient to prove appellant had violated the terms and conditions of his probation.

As to appellant's first claim, the Commonwealth asserts that the trial court lacked jurisdiction to vacate the original four-year-old unappealed convictions and that challenges to the constitutionality of the statute under which appellant was convicted were barred by *res judicata*.

- 4 -

On the merits, the Commonwealth asserts that the Lawrence holding does not apply to minors and thereby can be distinguished from the matter at hand. Moreover, the Commonwealth argued that because they have sought certiorari in MacDonald, this Court should stay the appeal until the petition is decided.[2] The Commonwealth maintains that the admission of hearsay at the revocation proceeding was permissible because the trial court found the hearsay testimony to be reliable. Additionally, the Commonwealth claims that the absence of a preliminary hearing is irrelevant after a full evidentiary hearing has been conducted and that the evidence presented was sufficient to establish appellant's violations of probation.

## A. Collateral Attack of Underlying Conviction

"Generally, a judgment in a criminal case may not be attacked collaterally." Eagle, Star and British Dominions Inc. Co. v. Heller, 149 Va. 82, 100, 140 S.E. 314, 319 (1927). "However, a party may assail a void judgment at any time, by either direct or collateral assault." Morse v. Commonwealth, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988) (citing Beck v. Semones' Adm'r, 145 Va. 429, 441, 134 S.E. 677, 680 (1926)). "A court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance." Fraser v. Commonwealth, 16 Va. App. 775, 777, 433 S.E.2d 37, 38 (1993). A judgment or order entered by a court that lacks jurisdiction of the subject matter is a nullity, Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990), and "may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner," Virginia Pilot Media v. Dow Jones & Co., 280 Va. 464, 469, 698 S.E.2d 900, 903 (2010). Upon a statute being declared unconstitutional on its face, convictions based thereon are void. Herrera

---

[2] By order dated September 13, 2013, this matter was stayed pending decision by the United States Supreme Court on the *writ of certiorari* in MacDonald. The United States Supreme Court denied the writ in MacDonald on October 7, 2013, and the Court's stay was thereafter automatically lifted. Supplemental briefs were received pursuant to this Court's order of October 28, 2013.

v. Commonwealth, 24 Va. App. 490, 494, 482 S.E.2d 492, 494 (1997) (in the context of a direct appeal, the jurisdictional bar extended to a conviction obtained before the statute was declared unconstitutional). Retroactive application of a constitutional ruling in the context of a collateral review of a criminal conviction is permitted "if it [the new ruling] places 'certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to prescribe.'" Teague v. Lane, 489 U.S. 288, 307 (1989) (quoting Mackey v. United States, 401 U.S. 667, 692 (1971) (Harlan, J., concurring)). "We review arguments regarding the constitutionality of a statute *de novo*." Yap v. Commonwealth, 49 Va. App. 622, 629, 643 S.E.2d 523, 526 (2007) (citations omitted).

### B. Subject Matter Jurisdiction

On appeal, appellant first argues that the trial court erred by denying his motions because the trial court was without jurisdiction to enter judgment against him because the statute upon which his original convictions were based was unconstitutional. Specifically, appellant challenges the trial court's subject matter jurisdiction, asserting that the statute upon which appellant's underlying convictions were based has been declared unconstitutional on its face, thereby rendering the underlying convictions void and depriving the trial court of subject matter jurisdiction for any proceeding flowing from the original convictions. In support of his argument, appellant contends that the anti-sodomy provision of Code § 18.2-361(A) has been declared unconstitutional on its face and therefore is void. MacDonald, 710 F.3d 154.

Both the Fourth Circuit Court of Appeals and Supreme Court of Virginia have interpreted the constitutionality of Code § 18.2-361(A). See MacDonald, 710 F.3d 154; McDonald v. Commonwealth, 274 Va. 249, 645 S.E.2d 918 (2007). Appellant asserts that this Court should adopt the Fourth Circuit's ruling that Code § 18.2-361(A) is facially unconstitutional, rejecting the contrary decision of the Supreme Court of Virginia.

"Only decisions of the United States Supreme Court can supersede binding precedent from the Virginia Supreme Court." Anderson v. Commonwealth, 48 Va. App. 704, 712-13 n.2, 634 S.E.2d 372, 376 n.2 (2006).[3] Moreover, "[t]hough state courts may for policy reasons follow the decisions of the Court of Appeals whose circuit includes their state, they are not obliged to do so." Owsley v. Peyton, 352 F.2d 804, 805 (4th Cir. 1965).[4] Thus, the Fourth Circuit's holding in MacDonald is merely persuasive and does not bind this Court. Moreover, the case at bar involved actions between an adult and minors, removing it, therefore, from the ruling in Lawrence. 539 U.S. at 578 ("The present case does not involve minors.").

> A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights . . . if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.

Cnty. Ct. of Ulster Cnty. v. Allen, 442 U.S. 140, 154-55 (1979).

The Supreme Court interpreted the constitutionality of Code § 18.2-361(A) in McDonald. In McDonald, the Supreme Court, by unanimous decision, affirmed this Court's ruling that "'nothing in Lawrence or the Supreme Court of Virginia's opinion of Martin [v. Ziherl, 269 Va.

---

[3] See generally Lockhart v. Fretwell, 506 U.S. 364, 376 (1993) (Thomas, J. concurring) ("[N]either federal supremacy nor any other principle of federal law requires that a state court's interpretation of federal law give way to a (lower) federal court's interpretation." ); Owsley v. Peyton, 352 F.2d 804, 805 (4th Cir. 1965) (rejecting the argument that a Fourth Circuit decision "changed existing law" in Virginia courts, as Virginia courts are "not obliged" to follow Fourth Circuit decisions").

[4] A declaration by the United States Court of Appeals finding a Virginia criminal code section to be facially unconstitutional may be entitled to some degree of deference, particularly if habeas relief would be available to the criminal defendant. See generally, Donald H. Zeigler, Gazing into the Crystal Ball; Reflections on the Standards State Judges Should Use to Ascertain Federal Law, 40 WM & MARY L. REV. 1143, 1158-59 (1999); see also, Commonwealth v. Negri, 213 A.2d 670, 672 (Pa. 1965) ("If the [state] courts refuse to abide by [the federal circuit court] conclusions, then the individual to whom we deny relief need only to 'walk across the street' to gain a different result. Such an unfortunate situation would cause disrespect for the law . . . [and] finality of judgments would become illusory . . . .").

35, 607 S.E.2d 367 (2005),] . . . facially invalidates Code § 18.2-361(A).'" 274 Va. at 254, 645 S.E.2d at 921 (quoting McDonald v. Commonwealth, 48 Va. App. 325, 329, 630 S.E.2d 754, 756 (2006)). Specifically, the Supreme Court held "[n]othing in Lawrence or Martin prohibits the application of the sodomy statute to conduct between adults and minors." Id. at 260, 645 S.E.2d at 924. This Court is bound by the Supreme Court's holding in McDonald, which declared Code § 18.2-361(A) to be constitutional, particularly in the context of "conduct between adults and minors." Id.[5] "A collateral attack, in general, is an indirect challenge that seeks to avoid the effects of a prior judgment in a subsequent proceeding." Sutherland v. Rasnake, 169 Va. 257, 266-67, 192 S.E. 695, 698 (1937). "A 'collateral attack is allowed only where the judgment is void, a void judgment being a judgment rendered without jurisdiction.'" Fraser, 16 Va. App. at 777, 433 S.E.2d at 38 (quoting Commonwealth v. Holtz, 12 Va. App. 1151, 1154, 408 S.E.2d 561, 563 (1991)); see Pine v. Commonwealth, 121 Va. 812, 821, 93 S.E. 652, 654 (1917) (finding that where a criminal law is unconstitutional, the indictment for violating it is void because there is no crime).

Generally, an appellant may only collaterally attack his underlying charges if the trial court lacked jurisdiction. "[A] court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance." Fraser, 16 Va. App. at 777, 433 S.E.2d at 38. In support of his argument, appellant urges that the Supreme Court's decision in McDonald should yield to the Fourth Circuit's ruling in MacDonald, which is a proposition this Court cannot adopt. The Supreme Court in McDonald upheld the constitutionality of Code § 18.2-361(A), which binds this Court. See Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990); Moore v. Commonwealth, 14 Va. App. 83, 85, 414 S.E.2d 859, 860 (1992). Therefore, appellant's underlying charges are not void and

_____

[5] In his supplemental brief, appellant concedes this point but requests that this Court adopt the Fourth Circuit's holding in MacDonald because it is "highly persuasive."

may not be collaterally attacked.[6]  Since no collateral attack is permissible, the Commonwealth's assertion that the issue is barred by *res judicata* becomes moot.[7]

### C.  Hearsay and Sufficiency of Evidence

Next, appellant asserts that the trial court erred by allowing hearsay evidence against him at his revocation hearing.  Additionally, appellant argues the trial court erred in finding the evidence sufficient to prove appellant had violated the terms and conditions of his probation.  Specifically, appellant contends that without the improperly admitted hearsay evidence there was insufficient evidence to prove he violated his probation.  Therefore, appellant's sufficiency argument is dependent upon his claim that improper hearsay evidence was admitted.

"Decisions regarding the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."  Swanson v. Commonwealth, 56 Va. App. 147, 152, 692 S.E.2d 256, 258 (2010) (quoting Michels v. Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006)).  However, "[w]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a *de novo* standard."  Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013) (citing Volkswagen of Am., Inc. v. Smit, 279 Va. 327, 335, 689 S.E.2d 679, 684 (2010)).

---

[6] Since this is not a direct appeal, and no collateral attack is permitted under the circumstances of this case, the trial court's April 23, 2012 denial of appellant's motion remains final and binding.  Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) ("After the expiration of  21 days from the entry of judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive."); see also Rule 1:1.

[7] The doctrine of *res judicata* would also bar reconsideration of the constitutionality of Code § 19.2-306 because 1) no constitutional ruling voids the underlying statute in the circumstances of this case, and 2) appellant's argument was previously made, ruled on, and became final. *Res judicata* "precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." Neff v. Commonwealth, 39 Va. App. 13, 18, 569 S.E.2d 72, 75 (2002) (quoting Patterson v. Saunders, 194 Va. 607, 614, 74 S.E.2d 204, 209 (1953)).

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (citations omitted). Under this standard, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Appellant contends that the trial court erred by admitting hearsay evidence against him at his revocation proceeding in violation of the Sixth and Fourteenth Amendments of the United States Constitution. Specifically, appellant argues that Jones's testimony failed to satisfy either the reliability or the balancing test and the trial court erred by finding the hearsay evidence as reliable and admissible.

Generally, "[t]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrisey v. Brewer, 408 U.S. 471, 480 (1972). Even in a revocation hearing, however, a defendant is entitled to the minimum requirements of due process including: 1) written notice; 2) disclosure of the evidence against the accused; 3) an opportunity to be heard and to present evidence and witnesses; 4) an opportunity to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing confrontation); 5) a "neutral and detached" hearing body; and 6) a written statement as to the evidence relied on and reasons for revoking probation. Id. at 489.

"Two tests have emerged for determining whether the denial of the right to confrontation . . . will comport with constitutional due process. The first, the 'reliability test,' permits admission of testimonial hearsay in revocation proceedings if it possesses substantial guarantees of trustworthiness." Henderson, 285 Va. at 327, 736 S.E.2d at 906 (citing Crawford v. Jackson,

323 F.3d 123 (D.C. Cir. 2003)).  Examples of indicia of reliability for testimonial hearsay

include:

> (1) Detailed police reports (as opposed to mere summaries of such
> reports by probation officers, (2) affidavits or other hearsay given
> under oath, (3) statements by the probationer that directly or
> circumstantially corroborate the accusations, (4) corroboration of
> accusers' hearsay by third parties or physical evidence,
> (5) statements that fall within a well-established exception to the
> hearsay rule, (6) evidence of substantial similarities between past
> offenses and the new accusations that bolsters the accuser's
> credibility, and (7) a probationer's failure to offer contradictory
> evidence.[8]

Id.

Additionally, "[t]he second test, the 'balancing test,' requires the court to weigh the

interests of the defendant in cross-examining his accusers against the interest of the prosecution

in denying confrontation."  Id. at 327-38, 736 S.E.2d at 906 (citing United States v. Lloyd, 566

F.3d 341, 344-45 (3d Cir. 2009)).  The "court may apply either test, as may be most appropriate

in the circumstances."  Id. at 328, 736 S.E.2d at 907.

The record establishes that the trial court made a finding of good cause and reliability that

was supported by the evidence.  The trial judge succinctly "state[d] for the record the specific

grounds upon which the court has relied for 'not allowing confrontation' in order to facilitate

effective appellate review of that decision."  Id. at 326-27, 736 S.E.2d at 906.  The trial court

relied on statements from several individuals corroborating that appellant was out past curfew

and intoxicated.  Evidence consisting of "a report from one social worker, a government official,

---

[8] Virginia case law supports the reliability of hearsay statements by government officials in revocation hearings.  See Dickens v. Commonwealth, 52 Va. App. 412, 422, 663 S.E.2d 548, 553 (2008) ("We found that while part of the probation officer's testimony was 'based on information provided to her by other governmental officials, . . . the court may in its discretion admit such evidence in the relaxed process of a revocation hearing.'" (quoting Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991))).

to another" is evidence of reliability and possesses "substantial guarantees of trustworthiness." Id. at 327, 736 S.E.2d at 906.

In making its determination, the trial court supported its analysis under Henderson's reliability test. The trial court explained,

> The issue for me on deciding how to accept Ms. Jones' testimony and the report is just that. Does the testimony I heard even though it is hearsay give me a reason to believe that the information is reliable. This is what I am focusing on. First, the report from the persons who saw Mr. Saunders go into a bar intoxicated were government officials. They were social workers. So that is a report from one social worker, a government official, to another. A probation officer is a governmental official. This is a factor I am considering in determining whether or not the testimony from the probation officer is reliable . . . . [Next], the probation officer, herself, found a beer can in his room. Whether it was empty or full is not probative. It is a matter of weight for me to give that evidence.

The trial judge also specifically explained that the social worker's statements were corroborated by Lowe's failure to vouch for the appellant and Lowe's statement implicating appellant. The statements bear even greater indicia of reliability given that appellant requested Jones contact Lowe in order to corroborate his story. Thus, the trial court concluded by finding "the testimony of the social workers, as given to me by [Jones], was reliable and is received as evidence."

Accordingly, this Court denies appellant's claim that the trial court erred in denying his rights under the Sixth Amendment by allowing hearsay evidence because the evidence was sufficiently reliable.

Appellant next asserts that the trial court erred by finding the evidence sufficient to prove appellant had violated the terms and conditions of his probation, arguing that absent the contested hearsay evidence, the evidence is insufficient to prove he violated the terms of his probation. Appellant does not argue, however, that the evidence would be insufficient even if

the hearsay evidence was properly admitted.  Accordingly, upon this Court's determination that the admission of hearsay evidence was not error, appellant's claim regarding the insufficiency of evidence fails.  Therefore, the court denies appellant's claim that the trial court erred by finding evidence sufficient to prove he violated the terms and conditions of his probation.

### D.  Preliminary Hearing

Appellant asserts that he was guaranteed a right to an initial probable cause hearing under Gagnon, 411 U.S. 778, and failure to accord him such a hearing constitutes reversible error.  Such an issue presents a question of law to which a *de novo* standard of review applies.  Id. at 781; Morrisey, 408 U.S. at 480-81.

Appellant concedes that the Supreme Court considered the issue in Howie v. Commonwealth, 222 Va. 625, 283 S.E.2d 197 (1981) (finding that any failure to accord a preliminary hearing is harmless error), but requests that this Court revisit the issue.

In Howie, the Supreme Court held "any error in failing to accord a preliminary hearing [is] harmless."  222 Va. at 630, 283 S.E.2d at 200.  Furthermore, "[t]he absence of a preliminary hearing to determine temporary detention is irrelevant *after a full evidentiary hearing has been conducted* to determine whether probation or parole should be revoked."  Id. (emphasis added).

In this matter, appellant received a full revocation hearing.  Under precedent set in Howie, the absence of a preliminary hearing at this juncture is wholly irrelevant.  Upon the completion of the full evidentiary hearing the issue became moot; therefore, the appellant's claim to revisit the issues addressed in Morrissey and Gagnon is denied.

## III. CONCLUSION

For the foregoing reasons and grounds, the judgment of the trial court's revocation proceeding is affirmed.

<u>Affirmed.</u>