UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia


KENNETH R. MERCHANT

MEMORANDUM OPINION[*] BY
v.        Record No. 2267-14-1            JUDGE MARLA GRAFF DECKER
                                          MAY 17, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Patricia A. Hardt (Hardt Law, P.L.L.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Kenneth R. Merchant appeals his sentences for his fifteen convictions for various sexual

offenses against minors, rendered on his pleas of guilty.[1]  He contends that the trial court erred by

denying his motion to exclude evidence of unadjudicated prior bad acts during the sentencing

hearing.  The Commonwealth argues that this assignment of error is procedurally barred.  Assuming

that the assignment of error is preserved, we hold that it is without merit.  Accordingly, we affirm

the judgment of the trial court.

I.  BACKGROUND

In conjunction with the appellant's guilty pleas, the parties stipulated to the evidence that

supported the offenses for which he was convicted.  That stipulation established that, on several

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The appellant was convicted of object sexual penetration involving a victim under
thirteen years of age, in violation of Code § 18.2-67.2; aggravated sexual battery of a victim under
thirteen, in violation of Code § 18.2-67.3; making child pornography involving a child under fifteen
by an offender more than seven years older, in violation of Code § 18.2-374.1(B)(2); and twelve
counts of possessing child pornography, in violation of Code § 18.2-374.1:1.

dates between June 1 and August 30, 2012, the appellant committed multiple sexual offenses against the victim, who was six and seven years of age at the time of the various crimes.[2]

The victim, her seventeen-year-old sister, and her mother lived with the appellant from June through August of 2012. The victim's sister discovered six photographs of the victim in the appellant's dresser drawer. In all of the photos, the child appeared to be sleeping. One photograph showed the appellant touching the victim's vagina, and another depicted his finger penetrating her vagina.

At sentencing, the mother testified that she met the appellant because he dated her mother, Kate Grantham. The victim's mother also explained the effects that the offenses had on the victim and her family.

Challenged testimony was given by Keri Krohne and Karen Chica at sentencing. Krohne testified regarding the appellant's sexual assault against her in the early 1980s, and Chica testified about the appellant's sexual assault against her daughter in 2004. The offenses were never prosecuted.

Krohne testified that she was seven or eight years old, sleeping on the couch, when the appellant put his hand in her underwear. She reported the offense to the police approximately twenty-five years later.

Chica testified that, like the victim and her mother, she knew the appellant through Grantham. Grantham, who routinely provided childcare for Chica's daughter, was the appellant's girlfriend. Chica stated that her daughter said that when she was six or seven years old, the appellant "touch[ed] her private areas" when she was sleeping. Upon learning of the offense, Chica reported it to the police.

---

[2] The parties also stipulated that the appellant's computer contained "dozens" of stored images of child pornography.

The Commonwealth introduced various letters written by the appellant while he was in jail to corroborate the witnesses' allegations of unadjudicated offenses.[3] In a letter to Chica on May 12, 2013, the appellant stated that he had confessed to possessing child pornography. He noted that he was "taking responsibility for it—and the things [he] ha[d] done in the past—[his] letter to [her daughter] will not be this graphic but [that he would] tell her to let it all out." The appellant closed the letter by stating, "Sorry again I know it is not enough."

On the same day that he wrote to Chica, the appellant wrote a letter to her younger daughter apologizing for "violat[ing]" her. He wrote that he had sent a letter to her mother "telling her what I did." The appellant described himself as "the scum of the earth hiding inside what looked like a normal person." He wrote, "I was not strong enough to resist and struck again." The appellant went on to state:

> I know my apology is no good to you—and you hate me—right[fully] so—I took away your happy childhood—your innocent love and used it for myself. I can only hope that you will be able to recover and grow into an adult able to get along in this world.
>
> You have the brains and the beauty to make that happen. . . . None of it was your fault—all mine—do not think that any of it was your doing—all mine.

The appellant further advised Chica's daughter to "put [his] violation of [her] behind" her.

The Commonwealth also introduced a letter that the appellant wrote to Chica's other daughter. In that letter, the appellant stated that he had taken "a child's innocent love and twisted it into an adult love—destroying another family."

In a separate letter to his son that the appellant wrote while in jail awaiting trial for the instant offenses, he admitted that he "did worse" to Chica's daughter "years ago." The appellant wrote that he "sent her a letter telling her to tell everyone what [he] did to her if she want[ed] to get it out of her system."

---

[3] The appellant does not challenge the admission of the letters into evidence.

The trial court weighed the probative value of the proffered testimony of Krohne and Chica in determining its admissibility. The trial court found that the letters that appellant had written "express[ed] a level of acceptance of and acknowledgement of his not only misconduct in this case but his prior recognition and acknowledgement of and acceptance to a degree of his role in the prior unadjudicated acts." In addition, the trial court noted that the appellant had "acknowledged" the prior unadjudicated acts to the extent he recognized his "inability to conform his behavior to what he knows is [the] expected norm." The court observed that the prejudicial impact of the contested testimony regarding the appellant's prior unadjudicated crimes was "marginal" and the "balance tilt[ed] in favor of admissibility." The trial court concluded that the Commonwealth had demonstrated "indicia of reliability." Consequently, the court admitted the testimony.

The Commonwealth introduced other evidence of the appellant's prior sexual misconduct with children. That evidence included a 1987 conviction for sexual battery of a five year old. The trial court sentenced the appellant to a total of sixty-six years in prison, with forty years suspended.

## II. ANALYSIS

The appellant argues that the trial court erred by admitting into evidence the testimony at his sentencing hearing from Krohne and Chica that he had committed prior unadjudicated "bad acts." He suggests that the court erroneously concluded that the challenged testimony was reliable and that any prejudice was minimal because evidence of prior unadjudicated criminal activity was already in the record. The Commonwealth responds that the issue is procedurally barred, that the testimony was properly admitted, and that any error was harmless. For the reasons that follow, we conclude that even if the appellant preserved the issue for appeal, his argument is without merit.

- 4 -

The admission of evidence "is within the sound discretion of the trial court." Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997); see Smith v. Commonwealth, 52 Va. App. 26, 30, 660 S.E.2d 691, 693 (2008) (explaining that "wide discretion" is inherent in a sentencing proceeding). This Court reviews that decision for an abuse of discretion. Beck, 253 Va. at 385, 484 S.E.2d at 905. The abuse-of-discretion standard "means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id. (quoting Thomas, 44 Va. App. at 753, 607 S.E.2d at 743). It is the appellant's burden to prove that "the trial court's admission of evidence constitutes reversible error." Alvarez v. Commonwealth, 24 Va. App. 768, 776, 485 S.E.2d 646, 650 (1997). Additionally, on appeal, absent clear evidence to the contrary, a trial court is presumed to have known the law and properly applied it. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977); Oliver v. Commonwealth, 35 Va. App. 286, 297, 544 S.E.2d 870, 875 (2001).

A broad scope of information is relevant to sentencing proceedings, including the history of the accused. See Code § 19.2-299(A). The phrase "history of the accused" includes evidence of prior unadjudicated criminal activity. Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (*en banc*). During sentencing, it is appropriate for a trial court to consider evidence of the defendant's "'unadjudicated criminal activity,'" as long as the "information bear[s] some indicia of reliability."[4] Moses v. Commonwealth, 27 Va. App. 293,

---

[4] "[T]he rule against hearsay does not apply to sentencing hearings." Smith, 52 Va. App. at 30-31, 660 S.E.2d at 693.

302, 498 S.E.2d 451, 455-56 (1998) (quoting Thomas, 18 Va. App. at 659, 446 S.E.2d at 471); see Blunt v. Commonwealth, 62 Va. App. 1, 10-11, 741 S.E.2d 56, 60 (2013). Evidence bears indicia of reliability if it is "corroborat[ed] from other sources and [in] its particularity."[5] Moses, 27 Va. App. at 302, 498 S.E.2d at 456. Such reliability may also be demonstrated by the circumstances surrounding the unadjudicated offense. Wolfe v. Commonwealth, 37 Va. App. 136, 143, 554 S.E.2d 695, 698 (2001). Examples of indicia of reliability for hearsay testimony include: "[d]etailed police reports," "hearsay given under oath," statements by the accused "that directly or circumstantially corroborate the accusations," "corroboration of [the] hearsay by third parties or physical evidence," application of "a well-established exception" to the rule against hearsay, "evidence of substantial similarities between past offenses and the new accusations that bolsters the accuser's credibility," and the accused's "failure to offer contradictory evidence." See Saunders v. Commonwealth, 62 Va. App. 793, 808, 753 S.E.2d 602, 609-10 (2014) (quoting Henderson v. Commonwealth, 285 Va. 318, 327, 736 S.E.2d 901, 906 (2013)).

Krohne testified to events within her personal knowledge, and as such, her testimony was not hearsay. She was sworn and subject to cross-examination. Thus, the trial judge could see and hear her testify, enabling him to assess her credibility and the reliability of her testimony. See, e.g., Crawford v. Washington, 541 U.S. 36, 61 (2004) (explaining that the "crucible of cross-examination" allows the fact finder the opportunity to assess reliability); Clark v. Commonwealth, 235 Va. 287, 292, 367 S.E.2d 483, 485 (1988) (noting that the swearing of a

---

[5] The appellant argues in part that the trial court applied an incorrect standard in determining whether the challenged testimony was admissible. He contends that the trial court's reference to "similar" evidence in the record demonstrated that it did not consider the "required admissibility standard . . . of 'corroborated' and 'particularized.'" We reject the appellant's implication that "indicia of reliability" supporting evidence of prior unadjudicated offenses can *only* be established by other evidence that corroborates it in its particulars. As explained herein, corroborative and particularized evidence is *one* way in which the Commonwealth can demonstrate indicia of reliability.

witness and cross-examination are two guarantees of reliability). For this reason, Krohne's testimony met the requirement of bearing indicia of reliability.

Chica testified to events recounted by her daughter. As evidence supporting her statements, the Commonwealth introduced the appellant's letters. One letter apologized directly to Chica. In a second letter, to Chica's youngest daughter, the appellant described himself as "the scum of the earth hiding inside what looked like a normal person." He also stated, "I was not strong enough to resist and struck again." Further, the appellant wrote that he "violat[ed]" her and "took away [her] happy childhood—[the daughter's] innocent love and used it for [him]self." In a third letter to Chica's older daughter, the appellant admitted that he had taken "a child's innocent love and twisted it into an adult love—destroying another family." The appellant admitted in the letter to his son that he had "d[one] worse" to Chica's daughter. Further, in the twenty to thirty letters that the appellant wrote while in jail, the appellant referenced the victim in the present case and Chica's youngest daughter.

While the letters do not contain an express admission that the appellant sexually abused Chica's daughter, their tone and wording certainly support such a conclusion. The trial court found that in the letters, the appellant "acknowledge[ed] that . . . he has this history of prior unadjudicated acts." The factual finding that the content of the letters was circumstantial evidence establishing the appellant's unadjudicated prior offenses was within the purview of the trial court, as the finder of fact. See, e.g., Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011) (*en banc*) ("Circumstantial evidence is as competent and is entitled to as much weight as direct evidence . . . ." (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983))).

Further corroborating Chica's testimony about the prior offense against her daughter were the similarities between the offense described by Chica and the appellant's other offenses.

Like the instant victim's mother, Chica knew the appellant through Grantham. Chica's description of the offense against her daughter shared similarities with the appellant's other offenses. She said that her daughter, who was six years old at the time, told her that the appellant "would pick her up from the bed that she was sleeping in . . . and take her over to another bed and he would touch her in her private areas." Krohne likewise testified that when she was seven or eight, the appellant "put his hand in [her] underwear" while she was asleep. In the case at hand, the victim, who was ages six and seven at the time of the sexual offenses, also was sleeping when the abuse occurred. The shared similarities of the victims' ages and the appellant's commission of the offenses while the children slept bolstered the credibility of Chica's testimony. See Saunders, 62 Va. App. at 808, 753 S.E.2d at 609-10.

Additionally, a third circumstance corroborated the credibility of Chica's testimony. Chica reported the matter to the police. The evidence of her police report also supported her allegation. See generally id. at 808, 753 S.E.2d at 609.

Finally, to the extent that the appellant challenges Chica's credibility, that issue is "irrelevant to the admissibility issue because [she] testified . . . at sentencing and was available for cross-examination." Blunt, 62 Va. App. at 14, 741 S.E.2d at 62. Arguments as to Chica's credibility "go to the weight of the evidence rather than to its admissibility." Id.

For these reasons, the record supports the conclusion that the testimony of Krohne and Chica at the appellant's sentencing hearing regarding "prior unadjudicated bad acts" was sufficiently reliable to warrant admission.[6] Consequently, the trial court did not abuse its discretion in admitting the testimony.

---

[6] In light of this ruling, the Court does not address the harmless nature of the challenged evidence when viewed in the context of this case. See, e.g., Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (holding that an appellate court should "decide[] cases 'on the best and narrowest ground available'" (quoting Air Courier Conf. v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

## III.  CONCLUSION

We hold that the challenged evidence of unadjudicated criminal activity bore sufficient indicia of reliability.  Consequently, the trial court acted within its discretion by admitting the testimony during the sentencing phase of the proceeding.  Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>